649 So.2d 1074 (1995)
Joe Lee WATSON
v.
Learline Marie SHORTY.
No. 94-CA-655.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1995.
Opinion on Denying Rehearing February 17, 1995.
*1075 Robert L. Marrero, Gretna, for appellant Joe Lee Watson.
Daniel Frazier, Jr., Marrero, for appellee Learline Marie Shorty.
Before KLIEBERT, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendant/appellant, Joe Lee Watson (Watson), appeals from a trial court judgment in favor of plaintiff/appellee, Learline Marie Shorty (Shorty), denying his rule to reduce child support, finding him in contempt and determining that he was $10,000 in arrears in his child support payments. For the reasons which follow, we vacate and set aside the trial court judgment and remand the case for further proceedings.
An intimate relationship between the parties resulted in the birth of a son, Joshua Martin Watson, on April 4, 1990. Sometime thereafter the relationship ended. On September 2, 1992, Shorty petitioned the court for custody of the minor child and an award of child support. The matter was set for hearing on December 3, 1992, but continued to January 13, 1993. Nevertheless, the court rendered an "Interim Order" of support "pending a full hearing on the issue of child support and custody" in which Watson was ordered to pay child support to Shorty in the amount of $700 per month. On January 13, 1993, the record indicates that the rule for child support was continued without date. Now, a full review of the record indicates that the hearing on the rule to set child support and custody never took place. Rather, on February 1, 1993 Shorty filed a Rule For Contempt And To Make Past Due Child Support Arrearages Executory, alleging that Watson had not paid the child support according to the interim order. After proceedings with the hearing officer and a recommendation that Watson be found in contempt and ordered to pay $200 in addition to the earlier ordered sum to make up his arrearages, the parties entered a consent judgment to that effect. At that time, the trial court instructed Watson to file a rule to reduce if he had encountered a financial downturn that prevented him from meeting his child support obligation and to not simply use "self help" by not abiding by the court order.
On April 12, 1993 Watson filed a Rule For Termination Or Reduction Of Child Support Payments. Numerous continuances were requested and granted to both sides. On January 4, 1994, Shorty filed a Rule for Contempt And To Make Past Due Child Support Arrearages Executory. A hearing was held on March 14, 1994 and judgment was rendered orally, denying the rule to reduce, finding Watson in contempt and making past due child support executory in the amount of $10,000. The written judgment was signed on April 11, 1994. It is from this judgment that Watson now appeals.
On appeal Watson argues that the trial court erred in denying his rule to reduce because he presented testimony to the effect that he has absolutely no personal income at the present time. He previously owned two McDonald's franchises which were terminated by the Internal Revenue Service in March of 1993. He is attempting now to start up a new business but it is not yet producing any personal income for him. He argues that the trial court erred in imputing income to him based on the amount of his house note ($3,400) and the amount of his car note ($500) because he is not paying either of those debts and has not paid them in over six months.
Shorty argues in favor of the trial court judgment, noting that the burden in a rule to reduce child support is on the mover and that Watson presented insufficient proof to meet his burden.
After careful review of the record before us, we find that the judgment rendered on April 11, 1994 must be set aside as premature. The record indicates that there has not yet been a hearing or judgment granting custody and setting child support. Thus, any judgment on a rule to reduce for contempt or for an arrearage is premature.
When the court originally set the child support at $700 on December 3, 1992, it did so by interim order "pending a full hearing on the issue of child support and custody." While such a procedure is within the *1076 contemplation of the law, it is only authorized "when a full hearing on the issue of support is pending but cannot be timely held." La. R.S. 9:315.1(C)(5). Otherwise, the guidelines for determining child support set forth in La.R.S. 9:315 et seq. must be used in any proceeding to establish or modify child support filed on or after October 1, 1989. La. R.S. 9:315.1(A).
In the instant case, there has been no hearing as set forth in the guidelines where the parties have presented evidence of their income [La.R.S. 9:315.2(A)] and child support has been calculated in accordance with the guidelines. Therefore, any judgment on a rule to reduce for contempt or for an arrearage is premature where child support has not yet been validly set.
Accordingly, for the reasons stated above, we vacate and set aside the April 11, 1994 judgment as premature and remand the case to the district court for further proceedings to be conducted in accordance with the Child Support Guidelines.
JUDGMENT VACATED; CASE REMANDED.
REHEARING DENIED.
In this case we were presented with an "interim order" of support that had been in existence for over a year, with no support hearing pending. Such interim orders are only statutorily authorized after considering "the need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held." La.R.S. 9:315.1(C)(5). Emphasis added. Our original opinion vacated the judgment for contempt and arrearage which was erroneously based on an invalid interim support order. The original opinion of this court did not in any way preclude the district court from entering an interim order of support or from enforcing one that has been entered in accordance with law. Therefore, the rehearing is denied.