715 So.2d 617 (1998)
Frankie Faulkner PELLERIN
v.
Jerome Joseph PELLERIN.
No. 97-CA-2085.
Court of Appeal of Louisiana, Fourth Circuit.
June 17, 1998.
*618 Jerome J. Pellerin, New Orleans, for Appellant.
Janet M. Ahern, Moseley & Associates, P.L.C., New Orleans, for Appellee.
Before SCHOTT, C.J., and BYRNES and MURRAY, JJ.
MURRAY, Judge.
Jerome Joseph Pellerin appeals a default judgment entered in favor of Frankie Faulkner Pellerin, setting child support and awarding alimony pendente lite. For the following *619 reasons we modify and affirm the judgment as modified.

FACTS:
Jerome Pellerin and Frankie Faulkner were married on August 8, 1987. Two children were born of the marriage: Micah on November 23, 1988, and Jared on May 29, 1992.
On August 8, 1996, Mrs. Pellerin filed a Petition for Divorce that included requests for joint custody, child support, alimony pendente lite, use of the family home, and temporary restraining orders. The trial court set a rule to show cause for November 18, 1996. On August 28, 1996, Mrs. Pellerin requested an expedited hearing on the rule because she and Mr. Pellerin had been unable to agree on visitation, child support or use of the family residence. Because Mr. Pellerin opposed the expedited hearing, a status conference was held on September 16, the date on which the motion for expedited hearing was scheduled to be heard. On October 21, 1996, Mrs. Pellerin filed another motion for expedited hearing again asking that child support and alimony pendente lite be set, and further alleging that Mr. Pellerin had punched her in the face in front of the children. The rule on this motion was set for October 28, 1996. On that date the parties entered into a consent judgment that provided that Mr. Pellerin would pay $1000 per month in child support on an interim basis. The judgment specified that Mr. Pellerin was to pay the mortgage on the family home, and send the difference between the mortgage payment and the child support to Mrs. Pellerin. The judgment also provided that the child support was an interim amount only and would not work to the prejudice of either party at a support hearing. The issue of retroactivity of child support was reserved expressly.[1] On January 10, 1997, Mrs. Pellerin moved to compel discovery and for attorney's fees and costs. The hearing on this motion was set for January 15, 1997. On February 3, 1997, Mrs. Pellerin requested an expedited status conference and incorporated language requesting a change in visitation in order for the children to go on vacation with their grandparents.
Hearing on Mrs. Pellerin's motion for child support and alimony pendente lite was set for February 28, 1997. Mrs. Pellerin testified as to her income and expenses. Mr. Pellerin, who represented himself,[2] proceeded to cross examine her about her income with documents that he had produced at the start of the hearing. Counsel for Mrs. Pellerin objected because these documents had not been produced in discovery and because neither she nor her client had been afforded an opportunity to review them prior to Mr. Pellerin's cross examination. At that point, the court had the parties retire to chambers. Although the record does not reflect what transpired in chambers, the matter apparently was adjourned and specially set to resume on March 17, 1997, at 2:00 p.m.[3] On that date, Mrs. Pellerin was questioned by her attorney with regard to her income, Mr. Pellerin's income, and her monthly expenses. Fourteen exhibits were admitted in connection with this testimony. Mrs. Pellerin rested; the court granted judgment as prayed for, and ordered her counsel to prepare a judgment. Mr. Pellerin appeared after the testimony was completed. When the court refused to reopen the proceedings, Mr. Pellerin advised that he would file a motion for new trial. He also made a statement for the record.
On March 21, 1997, the court signed a judgment finding that Jerome Pellerin was voluntarily underemployed. The judgment ordered Mr. Pellerin to pay $1,879.35 per month in support of the two minor children *620 and $2,000 per month in alimony pendente lite to Mrs. Pellerin, both retroactive to August 8, 1996. Mr. Pellerin also was ordered to pay his pro-rata share of extraordinary medical expenses, and was enjoined from harassing, threatening and communicating with Mrs. Pellerin.
On April 1, 1997, Mr. Pellerin requested written reasons for judgment pursuant to La.Code Civ.Proc. art. 1917, together with a motion to set aside the judgment of March 21, 1997. The motion for new trial was denied, and, in response to an order by this court, the trial court filed written reasons. Mr. Pellerin timely filed this appeal.

DISCUSSION:
Mr. Pellerin assigns six errors by the trial court. In his first assignment of error he argues that the court's denial of his request to reopen the proceedings is a denial of his right to due process. We disagree.
The transcript of the proceedings on March 17, opens with the court noting the time of 2:11 p.m., and stating that the matter had been specially set for 2:00. The transcript does not reflect that Mr. Pellerin had contacted the court. The court elected to go forward, and the proceedings were completed before Mr. Pellerin arrived. Mr. Pellerin admits that he was not present in court at 2:00 when the hearing was scheduled to begin. He contends, however, that he was under the impression that the hearing was set for 2:30, and did not discover his mistake until he called the court to advise that he was en route. In his brief on appeal, he alleges that he spoke to the Minute Clerk at 2:05. However, on the day of the hearing, he stated, on the record, that he made this call at 2:15. When Mr. Pellerin arrived at court, he learned that the judge had gone forward without him, and would render a judgment in Mrs. Pellerin's favor. Despite the fact that Mrs. Pellerin, her counsel, and the court personnel were still present, the trial court refused to reopen the proceedings.
This court has recognized that the Code of Civil Procedure and the jurisprudence interpreting it make it clear that there is a reluctance to interfere with a trial court's determination as to whether a case should or should not be held open for the taking of additional evidence or testimony. Bricks Unlimited, Inc. v. Stepter, 538 So.2d 1147 (La.App. 4 Cir.1989). Thus, an appellate court should intervene in regard to a trial court's control of trial court proceedings only upon a showing of an abuse of discretion. Regional Transit Authority v. Lemoine, 93-1896, 93-1897 (La.App. 4 Cir. 11/16/95), 664 So.2d 1303, writ denied, 96-0412 (La. 3/29/96), 670 So.2d 1234; and see La.Code Civ.Proc. art. 1631 and art. 1632.
Mr. Pellerin was responsible to be present in court on the date and at the time set by the court. His erroneous assumption that the hearing would be at a different time because other hearings in the case had been at that time does not negate that responsibility.[4] Mr. Pellerin's reliance on Zarek v. Sanders, 94-188 (La.App. 5 Cir. 10/12/94), 656 So.2d 1038, in support of his position that the court was required to reopen the proceedings is misplaced. Unlike the defendants in Zarek, who were denied the right to participate in proceedings that were ongoing when they arrived, Mr. Pellerin did not appear until after the proceedings were completed and the judge had ruled. Thus, the court was under no obligation to reopen the proceedings. Under these circumstances we do not find that his refusal to do so constituted an abuse of discretion. This assignment of error is without merit.
Mr. Pellerin's second and third assignments of error address the award of child support. He argues that the trial court erred in increasing the child support provided for in the consent judgment because Mrs. Pellerin had not demonstrated a change in circumstances between the time of that judgment and the request for increase. Again, we disagree.
On October 28, the parties specifically agreed to resolve a number of matters on an interim basis, including Mr. Pellerin's child support obligation. At the time the agreement was reached the hearing on Mrs. Pellerin's *621 original petition, including her request that child support be awarded, was pending, having been set for November 18, 1996. The consent judgment provided that it was an interim measure, and specified that the "amount of child support is agreed to by both parties as an interim amount only and neither shall be prejudiced at the hearing for child support, should they be eligible for an increase or decrease." Apparently the hearing on that motion was continued, and eventually scheduled for February 28, 1997.
Mr. Pellerin argues that this language applies only to the reservation of rights with regard to an increase or decrease of child support, and that, therefore, Mrs. Pellerin was required to show a change in circumstances. This argument is disingenuous, at best. It completely ignores the language of the judgment that specifically provides that neither party is to be prejudiced by the interim agreement at the hearing for child support. The consent judgment specifically provided that the parties' interim agreement was not a waiver of either's right to have the support obligation judicially determined.
There certainly is no prohibition against parents agreeing to provide for their children until a court can act to determine their rights and responsibilities. Quite the contrary, there is every reason to allow, even encourage, parents to reach a reasonable accommodation in this regard. Were we to adopt Mr. Pellerin's argument, in the face of Mrs. Pellerin's express reservation of her right to a judicial determination of child support, we would discourage parents from acting reasonably.
Because there had been no hearing at which evidence was presented and child support set, nor an agreement between the parties forfeiting their right to such a hearing, there was no prior award as contemplated by La.Rev.Stat. 9:311 A, and no need for Mrs. Pellerin to demonstrate a "change" of circumstances. See, Watson v. Shorty, 94-655 (La.App. 5 Cir. 1/18/95), 649 So.2d 1074, writ denied, 95-0700 (La. 6/30/95), 657 So.2d 1029.
Alternatively, Mr. Pellerin contends that the increased support award is not supported by the evidence because the court erred in finding that he was voluntarily underemployed and imputing $84,000 in annual income to him.
If a party is underemployed, child support shall be calculated on a determination of his earning potential. La.Rev.Stat. 9:315.9. Voluntary underemployment is a question of good faith on obligor spouse. Gould v. Gould, 28,996, p. 13 (La.App. 2 Cir. 1/24/97), 687 So.2d 685, 693. Whether an obligor spouse is in good faith is a factual question which will not be disturbed absent an abuse of discretion. Id.; also see Schulz v. Schulz, 630 So.2d 847, 851 (La.App. 4 Cir.1993).
Mr. Pellerin is a practicing attorney and a certified public account. The evidence establishes that he earned $54,131.24 in 1994, $61,118.32 in 1995 and $95,035.54 in 1996. On July 3, 1996, shortly before Mrs. Pellerin filed the petition for divorce, Mr. Pellerin resigned a position with the Housing Authority of New Orleans that paid an annual salary of $84,000 together with the "standard" HANO employee benefits. Mrs. Pellerin testified of her own personal knowledge of her husband's income, and the evidence admitted supported that testimony.[5]
Based on the record evidence we do not find that the trial court abused its discretion in finding that Mr. Pellerin was voluntarily underemployed, nor in imputing annual income of $84,000 to him. Nor do we find that the court erred in including the cost of private school tuition in the calculation of the child support award as the evidence establishes that Mr. Pellerin agreed to Micah's attendance at Country Day. The judgment of October 28, 1996, provided that Mr. Pellerin was to be given credit for all tuition that he paid for the 1996-1997 school year. In fact, Mr. Pellerin acknowledged that he acquiesced in Micah's attendance at Country day for the 1996-97 school year.[6] The *622 monthly award of $1,897 is supported by the record.
However, based on the wording of the Consent Judgment of October 28, we find merit in Mr. Pellerin's argument that the award should not have been retroactive to the date of judicial demand. That agreement, which provided the amount of child support and how it was to be paid, also specifically provided that "[t]he issue of retroactivity shall be reserved until the November 18, 1996 hearing."
La.Rev.Stat. 9:315.21 B provides that:
(1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
(2) If an interim child support allowance is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown. (emphasis added)
Mrs. Pellerin argues that the March 21 judgment was a modification of an interim support award so that it should be governed by La.Rev.Stat. 9:315.21 A, which provides that such modification should be retroactive to the date of judicial demand, except for good cause shown. However, counsel for Mrs. Pellerin stated at the February 28 hearing that the amount of child support designated in the October 28 consent judgment was an interim amount. She represented that it was Mrs. Pellerin's position that a final amount of child support had not been set, and that she was "here today to litigate that amount." For the reasons discussed above, the judgment of March 21, 1997, is the judgment that initially set the final award; it did not modify the interim award, to which the parties agreed the preceding October. Therefore, pursuant to La.Rev.Stat. 9:315.21(B)(1), the March 17, 1997 judgment terminated the interim child support award, and the final child support award became effective that date. For this reason, the trial court's determination that the child support award be retroactive to August 8, 1996, is erroneous as a matter of law.
Mr. Pellerin's final assignments of error relate to the award of alimony pendente lite. He first claims that the trial court erred in awarding alimony pendente lite because Mrs. Pellerin did not meet her burden of proving necessity with sufficient and competent evidence. Although we do not find that the evidence submitted was lacking, we do find that the trial court erred in its calculation of the award.
Louisiana Civil Code art. 111[7] provides for alimony pendente lite, and states:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.
To demonstrate need, a claimant spouse bears the burden of proving that she lacks sufficient income to maintain the standard of living that she enjoyed while residing with the other spouse during the marriage. Dagley v. Dagley, 96-1796, p. 4 (La.App. 4 Cir. 5/21/97), 695 So.2d 521, 523. The trial court is vested with wide discretion in setting an award of alimony pendente lite, and an award will not be upset by an appellate court absent manifest error. Id.
The record, however, does not support the alimony pendente lite award of $2,000. Mrs. Pellerin supplied the court with a Statement of Income and Expenses prepared by her with her counsel's assistance in support of her request for alimony pendente lite. This statement showed her gross monthly income as $2,892.37. However, Mrs. Pellerin's counsel previously had stipulated to a gross income of $41,989.18 annually, or $3,499.09 monthly. Indeed, that is the figure used to calculate the child support obligation. We find also that certain items that are included in Mrs. Pellerin's expense itemization were *623 included in the calculation of the child support obligation. These are the children's educational expenses and $155.00 for health insurance, which Mrs. Pellerin testified was roughly the portion of the automatic payroll deduction for insurance covering the children.
We, therefore, have recalculated the alimony pendente lite award as follows: $3,521.66, Mrs. Pellerin's claimed monthly expenses; less $1,879.35, the amount of child support she receives; less $480.72, the net income Mrs. Pellerin claims; less $606.72, the difference between the gross monthly income she reported on the statement and that stipulated to in open court, and amend the award of alimony pendente lite to $553.00 per month.[8]
Finally, Mr. Pellerin contends that the trial court erred in making the alimony pendente lite award retroactive to the date of filing, August 8, 1996.[9] We disagree.
Louisiana Revised Statute 9:310 provides that a trial court shall award alimony pendente lite retroactive to the date of filing the petition, unless good cause is shown to the contrary. Mr. Pellerin argues that he should not be penalized for the delay in having the matter heard, and points out that Mrs. Pellerin must not have needed the additional income because she managed to survive without alimony from August 8, 1996, until March 17, 1997. Once again, Mr. Pellerin's position is supported neither by the law nor the record. Simply because Mrs. Pellerin was able to "survive" without the alimony does not negate her need for additional income in order to maintain the standard of living she enjoyed during the marriage. Nor has Mr. Pellerin demonstrated good cause why the award should not be retroactive to the date of filing. The record reflects that the delays in resolving this issue were due largely to Mr. Pellerin's refusal to respond timely or fully to discovery.
Accordingly, we modify the judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that Jerome Pellerin shall pay $1,879.35 per month in child support for the maintenance and support of the minor children. This order is retroactive to March 21, 1997, and is payable on the first of each month.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jerome Pellerin shall pay $553.00 per month in alimony pendente lite. This order is retroactive to August 8, 1996, and is payable on the first of each month.
The judgment of March 17, 1997, is affirmed in all other respects. Each party is to bear its own costs.
JUDGMENT MODIFIED AND AFFIRMED AS MODIFIED.
NOTES
[1] The judgment provides that this issue would be reserved until the November 18, 1996, hearing. This was the original date set for the matters ancillary to the Petition for Divorce. The record does not reflect that a hearing took place on that date, nor does it indicate that the hearing was continued.
[2] Mr. Pellerin's original counsel of record withdrew on October 30, 1996.
[3] The record does not contain a minute entry or any other documentation with regard to the rescheduling of the hearing. However, the parties agree that the matter was continued and specially set for the 17th in order for discovery to be completed.
[4] We note that Mr. Pellerin appeared quite late on the date of oral argument. He offered an apology, but no explanation or excuse for his tardiness.
[5] We note that Mr. Pellerin did not produce his W-2s for 1996, which had been requested in discovery.
[6] This acknowledgement is contained in Mr. Pellerin's Motion to Reduce Child Support. Although this motion was filed on August 15, 1997, after the date of the child support hearing that resulted in the judgment at issue, this is a judicial confession, of which we can take notice. La.Civ. Code art. 1853.
[7] La.Civil Code art. 111 has been redesignated as art. 113, effective January 1, 1998.
[8] This figure is rounded off from the actual shortage of $552.87.
[9] The judgment states "retroactive to August 18, 1996," however, the date of filing was August 8.