ON APPLICATION FOR REHEARING
h STEVEN R. PLOTKIN, Judge.
Consideration of the issues raised by the motion for rehearing filed by defendant-appellee, Joseph Jerome Pellerin, convinces us that our previous decision in this case contained errors of both fact and law. Accordingly, we withdraw our previous opinion in this matter and issue the following opinion in its stead.
Mr. Pellerin and the plaintiff-appellant, Frankie Faulkner Pellerin, were divorced by judgment of August 15, 1997. During their marriage, the Pellerins had two sons: At issue in this appeal is whether Mr. Pellerin owes child support arrearages to Ms. Pellerin for the period of time from March 21, 1997 to January 20, 1999. By judgment of November 6, 2000, the trial court granted Mr. Pellerin’s exception of no cause of action, finding that Ms. Pelle-rin’s most recent rule for contempt was based on a child support judgment that had been modified by subsequent trial court judgments. For the following reasons, we affirm.
Facts
On October 28, 1996, the Pellerins entered into an interim order of support, requiring Mr. Pellerin to pay $1,000 per month for support of the two minor | gchildren.[1] The consent order required Mr. Pellerin to pay the mortgage on the family home, then forward the difference between the mortgage payment and the interim child support amount to Ms. Pelle-rin.
On March 21,1997, the trial court issued a judgment awarding Ms. Pellerin child support of $1,879.35 per month retroactive to August 8,1996, the date Ms. Pellerin had filed for divorce. Mr. Pellerin appealed the March 21, 1997 judgment to this court. On June 17, 1998, this court affirmed the monthly child support award of $1,879.35, but modified the judgment, making it retroactive only to March 21, 1997. Pellerin v. Pellerin, 97-2085 (La.App. 4 Cir. 6/17/98), 715 So.2d 617. The Louisiana Supreme Court denied Mr. Pellerin’s writ application on October 30, 1998. Pellerin v. Pellerin, 98-1940 (La.10/30/98), 727 So.2d 1167.
Meanwhile, on July 7, 1997, another consent judgment was rendered, ordering Mr. Pellerin to pay the mortgage for February, March, and April of 1997.' Thereafter, Ms. Pellerin filed a number of rules for contempt, each of which resulted in a trial court judgment holding Mr. Pellerin in contempt and ordering him to pay certain amounts in order to purge himself of contempt, as further detailed below.
On August 4, 1997, Ms. Pellerin filed a motion for expedited hearing, citing the October 28, 1996 consent judgment, requesting the trial court to order Mr. Pelle-rin to pay the mortgage that had again become delinquent, to show why full payment of child support should not be tendered to her, and/or to find Mr. Pellerin in contempt for not complying with the October 28, 1996 consent judgment and the March 21,1997 judgment.
I «The trial court rendered judgment on October 1, 1997, finding Mr. Pellerin “guilty of contempt for failure to comply with court order, child support and mortgage payment.” The.trial court allowed *990 Mr. Pellerin seven days “to purge himself of contempt by payment of all arrearages thru [sic] October 1, 1997.” At this time, the trial court also denied Mr. Pellerin’s motion to reduce child support based on issues concerning the children’s private school attendance.
Then, in December 1997 and February 1998, Ms. Pellerin filed two rules to show cause and for expedited hearing. In her motions, Ms. Pellerin requested the trial court to require Mr. Pellerin to bring the mortgage payments up to date, to hold Mr. Pellerin in contempt for not complying with the October 28, 1996 consent judgment, and to order Mr. Pellerin to pay all unpaid child support up to the date of the hearing on the matter. In response to the first of those motions, the trial court issued a judgment on December 22, 1997, finding Mr. Pellerin in contempt, but suspending his sentence if he paid the amount owed to the mortgage company by a set time.
The rule to show cause filed by Ms. Pellerin in February 1998 contained the same requests she made in December 1997, except that she added a request for a contempt finding based upon Mr. Pellerin’s failure to comply with the December 22, 1997 judgment. On February 26, 1998, the trial court issued a judgment, again finding Mr. Pellerin in contempt for his failure to comply with the October 28,1996 consent judgment and ordering him to make mortgage payments for January and February of 1998.
Thereafter, this court rendered its decision in Pellerin v. Pellerin, 97-2085 (La. App. 4 Cir. 6/17/98), 715 So.2d 617, writ denied, 98-1940 (La.10/30/98), 727 So.2d 1167, affirming the increase in Mr. Pelle-riris child support obligation. On [4the same day this court’s judgment was issued, Ms. Pellerin filed yet another rule to show cause and for expedited hearing. Again, she asked that Mr. Pellerin be held in contempt for not complying with the terms of the October 1996 consent judgment and that he be ordered to pay all child support payments due as of the date of the hearing. The record contains no resolution of this rule; however, in his reasons for judgment in the matter before us, the trial judge stated that at the August 19, 1998 hearing, “[Ms.] Pellerin’s counsel informed the Court that following the hearing [Mr.] Pellerin would satisfy the support payment at the rate of $1,000.00 per month then due and payable. The Rule was voluntarily dismissed with prejudice.”
Although the record contains all of the rules for contempt filed by Ms. Pellerin, as well as the trial court judgments on those rules, the record does not contain any transcripts of the hearings on those motions. Moreover, the record contains no reasons for judgment relative to any of the judgments entered. Accordingly, this court is unable to determine the trial court’s intent in entering those judgments.
On January 20, 1999, Ms. Pellerin’s new counsel filed the rule for contempt that resulted in the judgment that is the subject of this appeal. In this rule, Ms. Pelle-rin asked the trial court to find Mr. Pelle-rin in contempt for failing to comply with the court’s March 21, 1997 judgment, as modified by this court on June 17, 1998. Essentially, Ms. Pellerin asked the trial court to assess child support payments against Mr. Pellerin at $1,897 per month from March 1997, with a credit for amounts he had paid.
In response to this rule, Mr. Pellerin filed a pleading entitled “Exception of No Cause of Action and No Right of Action,” asserting various theories regarding |sthe effect of the March 21, 1997, judgment as well as the effect of the several subsequent trial court judgments mentioned above (“the interim judgments”). Among other things, Mr. Pellerin argued that the trial court’s interim judgments on Ms. Pellerin’s *991 contempt motions had a res judicata effect that prevented the court from awarding the relief requested by Ms. Pellerin.
The trial court héld a hearing on November 10, 1999, but did not issue a judgment on the exception until November 6, 2000. The trial court granted the exception, providing the following reasons for judgment:
[Ms.] Pellerin’s causes of action for arrearages, the same cause asserted herein, was heard and adjudicated on four separate occasions, with Judgments rendered pursuant to La. C.C.P. art. 3946, setting forth the amount of the arrearages and the collection of those arrearages made executory. When the judgment is in favor of the plaintiff, all causes of action that had been and/or could have been asserted are both extinguished and merged in the Judgment. [Ms.] Pellerin’s cause of action for a determination of and payment of past due support for any period arising on or after March 21, 1997 up through and including August 19, 1998 has already been adjudicated and resolved by the prior Judgments.
Further, the Judgment [of March 21, 1997] has been modified by operation of law. The Judgment was effective the date it was signed and terminated the Interim Order of Support as of that date. Each of the foregoing final Judgments individually and collectively modified the monthly rate of support as set forth in the Judgment. Each of the foregoing final Judgments represents] a determination of the rights of the parties and have [sic] acquired the authority of the thing adjudged....
The record reflects that as of this date, [Mr.] Pellerin continues to pay $1,000.00 per month for the care and maintenance of his two minor, children. The whole of this support has been tendered in payment of the mortgage on the community family home. The record also reflects that both of the minor children are enrolled in private school. It would appear that modification of the trial court’s Judgment has not interrupted the children’s maintenance or upbringing or otherwise worked to their detriment.
It is this Court’s position' that any cause for a determination of and payment of past due support for any period arising on or after March 21, 1997 up through and including August 19,1998 is extinguished and merged into each of the final judgments rendered during that period.
LThe trial court’s judgment has been modified by operation of law. [Mr.] Pellerin’s monthly child support obligation remains at $1,000.00 per month unless and/or until otherwise modified.
At issue in this appeal is whether the trial, court correctly determined that the doctrines of res judicata and modification of a judgment by operation of law prevented Ms. Pellerin from seeking additional support from Mr. Pellerin for the period covered by the interim judgments. Although Mr. Pellerin styled his pleading as an “Exception of No Cause of Action and No Right of Action,” it actually raised a number of issues. Under well-established Louisiana law, it is the substance rather than the caption of a pleading that determines its effect. Brown v. Harrel, 98-2931, p. 4 (La.App. 4 Cir. 8/23/00), 774 So.2d 225, 228. Thus, this court is not bound by the rules that prohibit the consideration of anything except the petition itself in deciding an exception of no .cause of action. Accordingly, this court will consider the doctrines upon which the trial court relied in reaching its decision — res judicata and modification of a judgment by operation of law.
*992 The general principles governing res ju-dicata are contained in LSA-R.S. 13:4231:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor, of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
17Although LSA-R.S. 13:4232 contains an exception to the res judicata doctrine applicable in cases involving matters ancillary to divorce cases, the exception does not impact our decision in this case because the issue Ms. Pellerin wants adjudicated is precisely the matter actually litigated and finally adjudicated in the subsequent judgments. Ebey v. Harvill, 26-373 (La.App. 2 Cir. 12/7/94), 647 So.2d 461, 463.
Discussing the res judicata doctrine, this court in Berrigan v. Deutsch, Kerrigan & Stiles, LLP, 2001-0612 (La.App. 4 Cir. 1/2/02), 806 So.2d 163, writ denied, 2002-0338, 2002-0341 (La.4/12/02), 813 So.2d 410, noted as follows:
[T]he formula derived in Louisiana jurisprudence states there must be identity in the two suits as to the thing demanded, the demand must be founded on the same cause of action, and the demand must be between the same parties. .. .A party urging an exception of res judicata carries the burden of proving the necessary elements listed above by a preponderance of the evidence. In fact, res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the mover.
Id. at p. 5, 806 So.2d at 167.
Ms. Pellerin’s only argument directed at the effect of the subsequent judgments is that the subsequent judgments did not determine the rights of the parties because the trial court did not calculate the total child support due in any of these judgments. The trial court, however, can only make a determination based upon the information and/or arguments supplied by the parties. In this case, the trial court’s rulings in the judgments subsequent to the March 1997 judgment clearly addressed the requests made by Ms. Pellerin in each of the motions she filed. Each time, the trial court basically awarded Ms. Pellerin what she sought.
|RBy submitting Ms. Pellerin’s various motions and the accompanying trial court judgments, Mr. Pellerin sufficiently proved that the elements of the doctrine of res judicata had been met in this case. The allegations regarding child support contained in Ms. Pellerin’s latest rule are mostly directed to a period of time for which the trial court had already determined the amount of child support due. Consequently, these allegations do not state a cause of action for child support because they are barred by res judicata. The trial court properly determined that *993 the subsequent judgments precluded Ms. Pellerin’s claim for past due child support at least until August 1998.
In granting the exception of no cause of action, the trial court also determined that Ms. Pellerin did not state a cause of action for child support through January 1999, the date to which she claimed to be owed child support. Although the trial court’s reasons for judgment indicate that the modification of the March 1997 judgment to monthly payments of $1,000.00 is applicable until the date of the judgment being rendered — November 6, 2000 — we do not believe that the trial court may make this broad a ruling by merely granting an exception of no cause of action. Thus, if we determine that the trial court correctly concluded that the March 1997 judgment had been modified, the modification would only be effective until January 1999.
In his reasons for judgment, the trial judge determined that the subsequent judgments had been modified by operation of law. While we agree with Ms. Pellerin that the jurisprudence concerning whether a judgment is changed by “operation of law” refers to occurrences not applicable to this case, we nevertheless find a sufficient factual basis in the record for a finding that the March 1997 judgment had indeed been modified, though perhaps not “by operation of law.”
|flIn this appeal, Ms. Pellerin maintains that she and Mr. Pellerin did not agree to alter his child support obligation. In response, Mr. Pellerin claims not that an agreement was reached, but that subsequent orders of the same trial court should have the same effect as a bilateral agreement to modify the amount of support-that is, to alter the amount of support. None of the jurisprudence cited by the parties in any way involves the unique circumstances presented by this case.
As best as we can discern from the record, Ms. Pellerin did not explicitly agree to a change in support. However, the record shows that she nevertheless accepted a change in child support. Her former counsel continually sought compliance with the October 1996 consent judgment when, by law, Ms. Pellerin was entitled to payments under the March 1997 judgment even during the appeal of that judgment.[2] In his reasons for judgment, the trial judge recognized that a judgment initially awarding child support is effective as of the date the judgment is signed and terminates the interim order of support as of that date. LSA-R.S. 9:315.21B(1). Also, an appeal from a judgment awarding support of a person shall not suspend execution of the judgment insofar as the judgment relates to support. La. C.C.P. art. 3943. Finally, when a payment of support under a judgment is in arrears, the party entitled to support may proceed by contradictory motion to have the amount of past due support determined and made execu-tory, and on the trial of the contradictory motion, the court shall render judgment for the amount of past due support. La. C.C.P. art. 3846. Ms. Pellerin’s theory that the trial court was required to make a finding that the amount of child support she actually received was in the best interest of the children is unsupported by law.
| ^Considering this law and having reviewed the record, we find that Ms. Pelle-rin’s continued acceptance of less child support than she was entitled to receive under the law was a tacit agreement to a modification in the March 1997 judgment. Because it is not our objective to practice law for the defendant, Lacour v. Lacour, 99-0913 (La.App. 4 Cir. 2/9/00), 763 So.2d *994 678, we must assume that some rationale supported Ms. Pellerin’s actions. Under the unique facts of this case, we find that the March 1997 judgment was modified, not by operation of law, but by Ms. Pelle-rin’s continued acceptance of the monthly mortgage payments.
Considering the record and the applicable law, the trial court correctly decided to dismiss Ms. Pellerin’s petition, and that ruling is hereby affirmed. Hence, Ms. Pellerin’s current calculations of the amount of child support due to her are invalid; any request for child support ar-rearages after January 20, 1999 must be directed to the trial court.
Accordingly, the trial court judgment granting Mr. Pellerin’s exception to Ms. Pellerin’s rule for contempt is hereby affirmed.
REHEARING GRANTED; PREVIOUS OPINION WITHDRAWN; TRIAL COURT JUDGMENT AFFIRMED.
ARMSTRONG, J., CONCURS.

. This document is not included in the record. Information about the October 28, 1996, consent judgment was contained in this court’s opinion in Pellerin v. Pellerin, 97-2085 (La. App. 4 Cir. 6/17/98), 715 So.2d 617, writ denied, 98-1940 (La.10/30/98), 727 So.2d 1167.

. Also unclear from the record is why there was a one-year delay between the hearing in the trial court and the rendition of ruling on -Mr. Pellerin’s exception.