*272
 
 EDWIN A. LOMBARD, Judge.
 

 | ,0x1 April 24, 2008, the Motion for a New Trial filed by the defendant, Erich Koeniger, was granted, reducing his interim spousal support obligation to $3452.00 per month. The defendant appeals this judgment, arguing that his wife has sufficient income to cover her expenses pending the divorce settlement. After review of the record in light of the applicable law and arguments of the parties, we vacate the judgment and remand this matter back to the trial court for further proceedings.
 

 Relevant Facts and Procedural History
 

 The defendant married Hannelore Ernst (Mrs. Koeniger) in New Orleans, Louisiana, on October 12, 1997. The couple moved to the Republic of Panama in 2006 but Mrs. Koeniger returned to New Orleans and filed a Petition for Divorce in Orleans Parish on June 21, 2007, which included a request for interim spousal support. The defendant’s Exception for Lack of Jurisdiction was denied and, after a hearing, the trial court entered an order on March 6, 2008, awarding interim spousal support to Mrs. Koeniger in the amount of $4552.00 per month, retroactive |2to June 21, 2007. The trial court granted the defendant’s Motion for a New Trial and, after another hearing, vacated the judgment and entered a new judgment on April 24, 2008, awarding Mrs. Koeniger monthly interim spousal support payments in the amount of $3452.00. The defendant appeals this judgment, arguing that the trial court failed to consider Mrs. Koeniger’s own income in calculating his interim spousal support obligation.
 

 Applicable Law
 

 In a divorce proceeding, the court “may award a party an interim spousal support allowance based on the needs of the party, the ability of the other party to pay, and the standard of living of the parties during the marriage.” La. Civ. Code art. 113.
 
 [1]
 
 Thus, “[i]f a spouse has not sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.”
 
 Pellerin v. Pellerin,
 
 97-2085, p. 10 (La.App. 4 Cir. 6/17/98), 715 So.2d 617, 622,
 
 writ denied,
 
 98-1940 (La.10/30/98), 727 So.2d 1167. “To demonstrate need, a claimant spouse bears the burden of proving that she lacks sufficient income to maintain the standard of living that she enjoyed while residing with the other spouse during the marriage.
 
 Id.; see also Kirkpatrick v. Kirkpatrick,
 
 41,851, pp. 3-4 (La. 2 Cir.App. 1/24/07), 948 So.2d 390, 393 (the burden is on the claimant spouse to prove that “he or she lacks sufficient income, or the ability to earn a sufficient income, to maintain the | Sstandard of living that he or she enjoyed during the marriage”) “Interim spousal support is designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse,
 
 pending the litigation of the divorce.” Lambert v. Lambert,
 
 06-2399, p. 10 (La.App. 1 Cir. 3/23/07), 960 So.2d 921, 928 (citing
 
 Derouen v. Derouen,
 
 04-1137, p. 3 (La.App. 3 Cir. 2/2/05), 893 So.2d 981, 984) (emphasis added). “A spouse’s right to claim interim periodic support ‘is grounded in the statutorily imposed duty on spouses to support each other during marriage, and thus,
 
 provides for the spouse who does not have sufficient incom,e
 
 for his or her mainte
 
 *273
 
 nance during the period of separation.’ ”
 
 Derouen
 
 at p. 4, 893 So.2d at 984 (citation omitted; emphasis added).
 

 Discussion
 

 Accordingly, we review the record to determine if Mrs. Koeniger met her “burden of proving that she lacks sufficient income to maintain the standard of living she enjoyed while residing with the other spouse during the marriage.”
 
 Pellerin
 
 at p. 10, 715 So.2d at 622. The record indicates that after their marriage in October 1997, the couple resided in New Orleans until they moved to the Republic of Panama in 2006 and that, shortly thereafter, Mrs. Koeniger returned to New Orleans to file a petition for divorce in June 2007. Mrs. Koeniger’s residence in the spring of 2007 is unclear but, after spending several months in her native Germany, she returned to the couple’s condominium
 
 [2]
 
 at 232 Lake Marina |,tBoulevard in New Orleans and has been paying the monthly condominium fees ($950.00), as well as utility bills for electricity, land and cellular telephone lines. Because the 2004 Hyundai she used during her marriage had been shipped to Panama, Mrs. Koeniger purchased a $10,000.00 pre-owned Dodge vehicle for her personal use in New Orleans. Mrs. Koeniger submits that her clothing and personal expenses were paid for out of her own funds and, accordingly, are not included in her request for interim spousal support.
 

 Our review of the record indicates that Mrs. Koeniger receives Medicare benefits and a monthly Social Security payment of $560.00 derived from her husband’s Social Security benefits. In May 2007, she received approximately $150,000.00 which she asserts was a return on her $100,000.00 investment in Erikon, L.L.C., a Puerto Rico real estate project, and that she deposited $149,588.77 into her separate Fidelity Homestead Savings Account. In December 2007, she received an additional $7117.00 from her investment in Erikon and a $8900.00 income distribution from a trust created by the defendant. In addition, Mrs. Koeniger also received $16,000.00 from the sale of Erikon real estate units which she combined with her own funds to purchase a $20,000.00 certificate of deposit with a 3.28% interest rate. Further, Mrs. Koeniger has interest in bank accounts in Germany and Austria, although it is unclear whether these accounts are jointly held with her daughter and to what extent she has access to the funds.
 

 |sNothing in the record indicates that the trial judge made a specific finding as to Mrs. Koeniger’s income or a determination as to whether Mrs. Koeniger met her burden in proving that she lacked sufficient income to maintain the standard of living she enjoyed with the defendant. Rather, it appears that the trial judge agreed with the argument of Mrs. Koeni-ger’s counsel that, as the defendant had ample means to pay support, “[t]he only real issue is what Ms. Koeniger’s needs are.” According to the hearing transcript, the trial judge accepted Mrs. Koeniger’s argument, telling the defendant’s counsel “what I’m going to allow you to do is to present to me an opposition — well, a motion stating your position on Mr. Koeni-ger’s ability to pay.”
 

 
 *274
 
 On appeal, the defendant concedes his ability to pay but contends that the initial question in determining whether interim spousal support is appropriate is whether Mrs. Koeniger has sufficient income to maintain the marital standard of living during the period of litigation pending their divorce. Interim spousal support is specifically designed to maintain the status quo during litigation and, as such, the burden is on the claimant to prove her entitlement to such support. In this case, it is undisputed that Mrs. Koeniger received more than $150,000,00 in 2007 from investments and trust distributions and that she resides in the couple’s condominium responsible only for condo association fees and utilities. Nothing in the record suggests that Mrs. Koeniger’s expenses exceed her income or that her standard of living is below that which she enjoyed during the marriage. Although her actual income is problematic, even accepting
 
 ar-guendo
 
 that $100,000.00 of the l^funds she received in 2007 was' the return of hex-initial investment and, thus, an asset rather than income, it is difficult to conceive why the substantial return on her investment should not be considei-ed as income. The extent to which the defendant has control over the disbui-sement of the returns on Mrs. Koeniger’s investment is neither in the recoi-d nor a factor in determining Mrs. Koenigei-’s income for purposes of interim spousal support.
 

 Thus, although the trial court made no detei-mination as to Mi-s. Koeniger’s income or assets, the l'ecord indicates that (at the time of the hearing in 2008) the funds x-eceived by Mrs. Koeniger in 2007 were sufficient to presei-ve parity during the pex-iod of separation.
 
 See Lambert,
 
 06-2399 at p. 11, 960 So.2d at 928 (claimant demonstrates the need for intex-im spousal support if she establishes that she lacks sufficient income or the ability to earn a sufficient income to sustain the style or standard of living that she enjoyed while l-esiding with the other spouse). The trial judge’s failure to make a determination as to whether Mrs. Koeniger met her burden in establishing a need for interim spousal support and awarding interim spousal support solely on the basis of the defendant’s ability to pay was clear erx-or. Accordingly, we vacate the judgment and remand the matter back to the trial court.
 

 Conclusion
 

 The judgment of the trial court is vacated and the matter is remanded back to the trial court for further proceedings.
 

 VACATED AND REMANDED.
 

 [1]
 

 . Article 113 was enacted in 1997, replacing the term
 
 alimony pendent lite
 
 with
 
 interim spousal support.
 

 [2]
 

 . Testimony indicates that in 2002 when they purchased the property, Mrs. Koeniger contributed approximately $140,000.00 from her bank accounts in Austria and Germany towards the purchase of the condominium and Mr. Koeniger contributed approximately $480,000.00. The extent to which Mrs. Koe-niger maintains these accounts in Germany and Austria and whether they are joint accounts with her daughter is unclear from her testimony.