PONDER, Judge.
Willie Gean Smith Brumfield and her husband, Murray Brumfield, filed this suit to annul a tax sale of their property, on the basis of fraud. The trial judge dismissed the action with prejudice, when plaintiffs and their counsel failed for a second time to appear in court on the day of trial. Plaintiffs appealed from this judgment, claiming in their brief it was obtained by fraud or ill practices because'their counsel received no notice of the trial date.
The issue before this court is the propriety of the lower court’s dismissal of the case with prejudice.
We affirm.
Plaintiff and her husband in 1968 filed this suit to annul a tax sale, in which their property was adjudicated to the defendant. They claimed the tax sale was invalid because defendant had breached an agreement by which he had assumed the obligation of paying the taxes on the property. After long delays, the case was set for trial on December 10, 1974.
When both plaintiffs and their counsel were not present on the day of trial, the court dismissed the action without prejudice. Plaintiffs then filed a rule to show cause why a new trial should not be granted because of the illness of counsel. The court heard the rule on June 9, 1975, and granted a new trial.
Appellants’ counsel asserts in his brief to this court that he was not present at a pretrial conference held on July 15, 1975 and that he was never notified of the assigned trial date. This assertion is contained in the brief only and not in a motion for a new trial, not in a petition to annul a judgment or even in the motion for appeal. There is no evidence to support this contention. Instead, the record contains a copy of the notice of assignment for trial on Tuesday, December 9, 1975, addressed to counsel for plaintiffs and for defendant. In addition the judgment appealed from contains a recitation that the trial came for hearing pursuant to notice of trial given counsel for both plaintiffs and defendant at pretrial conference held on July 15, 1975.
Even if counsel were unable to attend the pretrial conference and were not given a notice of assignment for trial, it would seem that he would make some effort to determine what happened at the conference since he had only recently been granted a new trial. Instead, he did little or nothing until he received notice that judgment had been rendered against his clients. For an analogous factual situation, see Prejean v. Ortego, 262 So.2d 402 (3rd Cir. 1972).
The judgment of the trial court is therefore affirmed. Appellants are to pay all costs.
AFFIRMED.