536 So.2d 448 (1988)
Ulysses JOSEPH
v.
William HENDRIX dba the Transmission Center.
No. CA 87 1185.
Court of Appeal of Louisiana, First Circuit.
November 22, 1988.
*449 Brooks E. Hester, Baton Rouge, for plaintiff-appellee.
Rufus H. Craig, Jr., Baton Rouge, for defendant-appellant.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
COVINGTON, Chief Judge.
William Hendrix, defendant, appeals a judgment in favor of plaintiff, Ulysses Joseph, in the amount of $4,909.10, plus judicial interest from date of demand, attorney fees of $1,000.00 and costs.
On June 23, 1986, Joseph brought his 1982 automobile to defendant for repairs because of a serious vibration problem. Defendant's manager represented to plaintiff that the transmission was causing the problem. Based on this representation, Joseph authorized the work to be done on his automobile.
Later the same day defendant reported that the automobile had been repaired. Plaintiff paid defendant $1,469.70 and drove the automobile from the premises. After driving one block, Joseph observed that the automobile still vibrated as it had done before the repairs. Joseph immediately returned the vehicle to defendant's place of business.
After Joseph returned the automobile complaining of the same vibration, defendant's manager assured him that the vehicle had been properly repaired; but that usually after such repair work, an automobile would vibrate for awhile, so plaintiff should drive the vehicle for a day or two and if the vibration continued, to bring it back to the shop.
The automobile continued to vibrate, so plaintiff returned it to defendant one or two days later. At that time, defendant's mechanic checked the automobile and found that it definitely had a vibration. The manager then informed plaintiff that "it must be another vibration, and if you want us to fix that, then you'll have to pay us for fixing that vibration."
Thereupon, plaintiff advised defendant that he had paid to have the vibration fixed and defendant had not repaired the vehicle so as to remove the vibration. Plaintiff requested the defendant to make the necessary and proper repairs, but defendant refused to do so.
Convinced that he had been "gypped," plaintiff took his automobile to Aamco transmission. The Aamco manager told him that he did not have a transmission problem, and referred him to Ed Halley's shop. Halley repaired the automobile at a cost of $327.04; and Joseph has had no vibration problem since then. According to Halley's testimony, the vibration was not due to the transmission but was caused by *450 the flywheel, which had become unbalanced. Halley changed the flywheel and the motor mounts. In trying to locate the vibration, he had to pull the oil pan off and check the main bearings and rod bearings.
After trial, at which defendant failed to appear although duly noticed of the trial date, the court rendered judgment in favor of plaintiff.
Subsequently, defendant moved for a new trial. At the hearing on the motion, defendant stated that he had written the wrong date on his calendar. The court denied the motion, finding that the defendant had failed to show good cause for granting a new trial.
We find no merit in appellant's contention that a new trial should have been granted by the trial court. La.C.C.P. arts. 1972 and 1973. There was no good ground for granting one. The only excuse offered by defendant for his failure to appear for trial was that he had written the wrong date on his calendar. There was no showing that the judgment was clearly contrary to the law and the evidence.
We do find merit in appellant's contention that he was not liable for treble damages under La.R.S. 51:1409. The statute does not allow such damages unless the defendant has been put on notice by the director of consumer affairs or the attorney general that he is engaging in an unfair trade practice. The record fails to show that such notice was ever given by the director or the attorney general. The statute, being penal in nature, must be strictly construed. Hence, under La.R.S. 51:1409(A), plaintiff is limited to recovery of actual damages plus attorney's fees and costs. See Crown v. Bercier, 483 So.2d 1310 (La.App. 4 Cir.1986).
The record sustains the trial court's finding that defendant's practice was deceptive and unfair, within the meaning of the Louisiana Unfair Trade and Practices and Consumer Protection Law, and that plaintiff was inconvenienced in the amount of $500.00.
In all respects, except the award of treble damages, the judgment of the trial court is affirmed. Our review of the other issues raised by appellant convinces us that they are without merit.
In view of our finding that the trial judge erred in awarding treble damages under the circumstances, we reduce the award made to plaintiff and amend the judgment, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, ULYSSES JOSEPH, and against defendant, WILLIAM HENDRIX, in the amount of ONE THOUSAND NINE HUNDRED SIXTY-NINE AND 70/100 ($1,969.70) DOLLARS, plus interest from date of judicial demand, and ONE THOUSAND AND NO/100 ($1,000.00) as attorney's fees, and all costs of these proceedings.
Defendant is cast for costs of this appeal.
The judgment is amended, and as amended, affirmed.
AMENDED AND AFFIRMED.