588 So.2d 172 (1991)
Ethel HALL, Natural Tutrix of Danielle Hall
v.
Daniel HALL.
No. 91-CA-269.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 1991.
Writ Denied January 6, 1992.
Ralph S. Whalen, Jr., New Orleans, for defendant-appellant.
Before GRISBAUM and DUFRESNE, JJ., and ELORA C. FINK, J. Pro Tem.
GRISBAUM, Judge.
This is a paternity action. Pursuant to trial on the merits, the court found in favor *173 of the plaintiff and granted a judgment of filiation. We affirm.
ISSUE
We are called upon to determine one primary issue:
Whether the record evidence suffices to prove, by a preponderance of the evidence, filiation by informal acknowledgment.
FACTS
Daniel Hall, defendant, and Ethel Flato Hall, plaintiff's mother, lived together without benefit of marriage from the time plaintiff was four or five years old until shortly before her 18th birthday. Plaintiff's birth certificate lists Daniel Hall as her father and she was known by his name from birth. While living together, Daniel paid Danielle's school expenses and provided a home for her, her mother, Ethel, and her sister, Susan.
About the time Danielle was 18 years old, domestic problems caused Ethel to leave the home with Danielle and her sister. Ethel then filed this filiation action, which was coupled with an action for support and medical expenses. Only the filiation action proceeded to trial.
At trial on the merits, the defendant and his counsel failed to appear. The trial court ruled that Daniel Hall was Danielle's natural father. Thereafter, the trial court denied the defendant's motion to reopen testimony following the close of the proceedings. Thus, Daniel Hall now appeals.
LAW
La.C.C. art. 203 provides, to wit: "The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child." La.C.C. art. 209(A) provides:
A. A child not entitled to legitimate filiation or filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
We initially note that, since the defendant did not execute an act of formal acknowledgment or legitimation, it then becomes the plaintiff's burden to prove informal acknowledgment in order to prevail. Our jurisprudence provides that, in proving informal acknowledgment, no one factor is determinative. Moreover, it is observed that the courts look at the entirety of the evidence to determine whether the alleged parent has affirmatively stated or acted as if he believes he is the parent of the child. Griffin v. Succession of Branch through Smith, 479 So.2d 324 (La.1985); In re Wildeboer, 406 So.2d 687 (La.App.2d Cir.1981).
The Fourth Circuit and others concluded that an informal acknowledgment of filiation must be continuous, habitual, unequivocal, and leave little doubt that the alleged father considered himself to be the father of the child. Jordan v. Taylor, 568 So.2d 1097 (La.App. 4th Cir.1990), writ denied, 571 So.2d 650 (La.1990); Thomas v. Smith, 463 So.2d 971 (La.App.3d Cir.1985).
We now turn to review the record which shows the plaintiff presented the following evidence: her birth certificate listing Daniel Hall as the father; a baptismal certificate listing Daniel Hall as the father; an excerpt from their church directory showing a photograph of "Dan & Ethel Hall, Danielle & Susan"; and the testimony of Ethel Flato Hall. The record also shows that Ethel Flato Hall testified that Dan Hall is Danielle's father. She further stated he was present at the birth and paid for the delivery expenses. She also testified that the defendant paid for plaintiff's school expenses, participated in "father-daughter" school activities, and had never disavowed paternity until the time of the suit.
On the other hand, the defendant, in his pleadings, denies he accompanied Ethel to the hospital or that he paid for the delivery. In his answer, he denies paternity but admits it was his suggestion Ethel call the child by the name of Hall, that he was aware he appeared on the child's birth certificate as the father, and that he agreed to *174 be known publicly as Ethel's husband and Danielle's father. His pleadings further reflect that Ethel was permitted to be known as Ethel Flato Hall but was to continue to work and to support her two children and herself as much as possible and that, in return for her acting as his wife in the public eye, he would assist her in her financial difficulties and help in the rearing of her children until they were out of high school. Additionally, defendant would publicly claim to be married to her and to be the father of the petitioner. Finally, Daniel Hall alleges he is a homosexual and claims he is unable to engage in a normal male-female sexual relationship.
Our review of the record illuminates the following relevant testimony, i.e., the defendant, for a number of years, provided a home for the natural mother and the child in question, paid for the child's school expenses, and admitted of record he was fully aware his name was placed upon Danielle's birth certificate as her father. In the final analysis, it becomes evidently clear that the defendant, throughout the child's life, agreed to be held out and did indeed hold himself out to the public as the child's natural father. Furthermore, this Court is not impressed with the defendant's claim he is a homosexual and therefore unable to engage in normal male-female sexual relationships. After all is said and done, we conclude that the finding of an informal acknowledgment by the trial court is correct. Ergo, we find no error.
Finally, the defendant claims that the trial judge erred in refusing to reopen the matter for his testimony.
La.C.C.P. arts. 1631 and 1632 give the trial judge great discretion in controlling the proceedings at trial. La.C.C.P. art. 1631(A) provides, "The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done." Art. 1632 states:
The normal order of trial shall be as follows:
(1) The opening statements by the plaintiff and the defendant, in that order;
(2) The presentation of the evidence of the plaintiff and of the defendant, in that order;
(3) The presentation of the evidence of the plaintiff in rebuttal; and
(4) The argument of the plaintiff, of the defendant, and of the plaintiff in rebuttal, in that order.
This order may be varied by the court when circumstances so justify.
When an action involves parties in addition to the plaintiff and the defendant, the court shall determine the order of trial as to them and the plaintiff and the defendant.
Our jurisprudence explains that La. C.C.P. art. 1632 gives the trial judge the authority to deviate from the normal order of proceedings, when justice so requires. This authority includes the power of the judge to keep open or reopen the proceedings for the reception of additional testimony or documentary evidence. The reopening of a case is within the discretion of the trial court and will not be interfered with by the reviewing court absent manifest error. Bricks Unlimited, Inc. v. Stepter, 538 So.2d 1147 (La.App. 4th Cir.1989); Broussard v. Coleman, 479 So.2d 1016 (La. App.3d Cir.1985), writ denied, 481 So.2d 1354 (La.1986).
The record shows this matter was set for trial on April 16, 1990 and that the trial date had been reset several times. The record also shows there may have been some confusion about the exact date of trial; however, an affidavit submitted by defendant in support of his motion to reopen testimony reveals he did have notice of the correct trial date. In brief, counsel seems to place blame with the trial court for his absence at trial and alleges the reason he was absent was because the court advised him his case was eleventh on the docket and not likely to be called. Let it be clearly stated this Court finds it self-evident that trial lawyers are aware it is their responsibility to be present in court the day of trial. Likewise, the trial court has no affirmative duty to personally notify each attorney in his office regarding the *175 hour and minute his case is to be called. Therefore, we see no error.
For the reasons assigned, the judgment of the trial court is hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.