656 So.2d 1038 (1994)
Thomas S. ZAREK
v.
Victoria SANDERS and Edward Tucker.
No. 94-CA-188.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1994.
Rehearing Denied July 27, 1995.
Thomas F. Weyman, New Orleans, for plaintiff/appellee, Thomas S. Zarek.
George Scariano, Jefferson, for defendants/appellants, Victoria Sanders and Edward Tucker.
Before BOWES, GAUDIN and DUFRESNE, JJ.
BOWES, Judge.
Defendants/appellants, Victoria Sanders (hereinafter "Sanders") and Edward Tucker (hereinafter "Tucker"), appeal a judgment of the district court in favor of both plaintiff, Thomas Zarek (hereinafter "Zarek"), and of third party plaintiff, J.B. Miller (hereinafter "Miller"). We affirm in part, annul and set aside in part, and remand.

FACTS
Zarek filed suit seeking to enforce a promissory note against Sanders, Tucker and Miller, makers of the note. Sanders and Tucker filed an answer containing apparently very serious defenses including the affirmative defense of failure of consideration. In addition, *1039 they filed a reconventional demand to Zarek's petition for damages occasioned by the failure of Zarek to deliver the assets for which the note was given, as well as peremptory exceptions of no cause and no right of action. At this point, those defendants were represented by attorney A. Russell Roberts. Miller, represented by another attorney, also filed an answer and third party demand against Sanders and Tucker, as well as against a business identified as "East Swing Inc." (the exact relationship of the business to the note and the defendants is unclear from the record before us). In December, 1992, at a pre-trial conference, the matter was set for trial on July 22, 1993 at 10:00 a.m.
On July 21, 1993, Mr. George Scariano filed a motion for a continuance on behalf of Sanders and Tucker and a status conference was held that morning. In a transcript of that date, Mr. Scariano noted that he had "recently been engaged" by the defendants on the previous day, July 20, 1993. He further stated for the record that he had contacted Mr. Roberts, who had handled the matter previously; Mr. Roberts had informed him that "... because of his infirmities, he did not feel as though he could proceed with the trial on the merits of this matter." Mr. Roberts agreed to Mr. Scariano being substituted as counsel of record. However, the record discloses that no written motion for substitution was ever filed into the record.
The motion for a continuance was denied by the trial court; and the trial judge stated and apparently left no doubt, that the trial would proceed on schedule the following day at 10:00 a.m. Mr. Scariano alleges, in brief, that he immediately informed both defendants of these facts and proceeded forthwith to prepare the defenses and the reconventional demand for trial the next day.
On the morning of trial, July 22, 1993, the case was called, and neither defendants/appellants nor their attorney were present. The record shows that at 10:25 a.m., the court proceeded to hear the case in chief against appellants, as well as the third party demand of Miller against them. The court heard the testimony and evidence of Mr. Zarek, and granted judgment in his favor on the main demand in the amount of $15,000.00, plus interest and attorney fees. The reconventional demand of appellants was dismissed.
As the court listened to testimony regarding the third party action against the defendants, their counsel, Mr. Scariano, as new counsel for the defendants, entered the courtroom (the record shows this was at approximately 10:40 a.m.). Mr. Miller continued to testify, and at the close of his testimony, the court refused to allow Mr. Scariano to cross examine him on behalf of defendants or put on evidence. The court then granted judgment in favor of Mr. Miller and against both defendants (appellants).
Mr. Scariano then explained to the trial judge that he had telephoned the court earlier that morning and had been told by the bailiff that a trial from the previous day had not concluded (and would probably be heard first or in lieu of appellant's case), and that he, Mr. Scariano, should contact the court before coming to the courthouse.
To support his position, Mr. Scariano placed the court bailiff on the witness stand, who testified that he had, indeed, so informed appellants' counsel about the other trial. A discussion ensued, on the record, between the trial judge and appellants' counsel, at which time the judge stated that he had not given authority for any of his court personnel to give such information or advice to anyone. Mr. Scariano did not make a specific oral motion to reopen the case, but did request a new trial, at which time the court ordered the motion to be made in writing.
A written motion was so made, and following argument, was denied. Plaintiff appeals. We were not favored with a brief from the appellees until the morning of oral argument.

ANALYSIS
This Court considered a similar situation to the case here in Hall v. Hall, 588 So.2d 172 (La.App. 5 Cir.1991). In that case, counsel for defendant claimed that he did not arrive for the trial in the matter because he had been advised that his case, eleventh on *1040 the docket, was unlikely to be called; therefore, he alleged that the trial court should have reopened the matter for his testimony. There we stated as follows:
Finally, the defendant claims that the trial judge erred in refusing to reopen the matter for his testimony.
La.C.C.P. arts. 1631 and 1632 give the trial judge great discretion in controlling the proceedings at trial. La.C.C.P. art. 1631(A) provides, "The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done." Art. 1632 states:
The normal order of trial shall be as follows:
(1) The opening statements by the plaintiff and the defendant, in that order;
(2) The presentation of the evidence of the plaintiff and of the defendant, in that order;
(3) The presentation of the evidence of the plaintiff in rebuttal; and
(4) The argument of the plaintiff, of the defendant, and of the plaintiff in rebuttal, in that order.
This order may be varied by the court when circumstances so justify.
When an action involves parties in addition to the plaintiff and the defendant, the court shall determine the order of trial as to them and the plaintiff and the defendant.
Our jurisprudence explains that La. C.C.P. art. 1632 gives the trial judge the authority to deviate from the normal order of proceedings, when justice so requires. This authority includes the power of the judge to keep open or reopen the proceedings for the reception of additional testimony or documentary evidence. The reopening of a case is within the discretion of the trial court and will not be interfered with by the reviewing court absent manifest error. Bricks Unlimited, Inc. v. Stepter, 538 So.2d 1147 (La.App. 4th Cir.1989); Broussard v. Coleman, 479 So.2d 1016 (La. App. 3d Cir.1985), writ denied, 481 So.2d 1354 (La.1986).
The record shows this matter was set for trial on April 16, 1990 and that the trial date had been reset several times. The record also shows there may have been some confusion about the exact date of trial; however, an affidavit submitted by defendant in support of his motion to reopen testimony reveals he did have notice of the correct trial date. In brief, counsel seems to place blame with the trial court for his absence at trial and alleges the reason he was absent was because the court advised him his case was eleventh on the docket and not likely to be called. Let it be clearly stated this Court finds it self-evident that trial lawyers are aware it is their responsibility to be present in court the day of trial. Likewise, the trial court has no affirmative duty to personally notify each attorney in his office regarding the hour and minute his case is to be called. Therefore, we see no error.
With regard to dismissal of the reconventional demand in the case before us, LSA-C.C.P. art. 1672(A) provides as follows:
A. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
The First Circuit found as follows in Malter v. McKinney, 310 So.2d 696, 698 (La.App. 1 Cir.1975):
The trial judge is much more familiar with the conditions and requirements of his trial docket than are we. We have no doubt that contribution to his decision to dismiss with prejudice were considerations respecting the condition of his docket, fairness not only to both these parties but also to other litigants in his court, and the needs of an orderly and prompt administration of justice.
Similar observations in the interest of the orderly administration of justice were made in Powell v. Giddens, 271 So.2d 596 (La.App. 1st Cir., 1972) where the trial judge refused to grant a continuance after considering all the circumstances of the case. The language therein concerning *1041 the duties of both court and counsel are particularly appropriate here:
The trial courts are under a duty to schedule their trial work and dispose of same expeditiously to alleviate the continuous problem of crowded dockets. Trial counsel, as officers of the court, have corresponding duties of diligence, and to make a good-faith effort to assist the courts with the disposition of cases set for trial. When a trial counsel fails in this duty, through inexcusable neglect, he forfeits his day in court. 271 So.2d 596, 598 (La.App. 1st Cir.1972).
See also Keyes v. Johnson, 542 So.2d 209 (La.App. 3 Cir.1989); Joseph v. Hendrix, 536 So.2d 448 (La.App. 1 Cir.1988); and Samanie & Barnes v. Lawler, 619 So.2d 1166 (La.App. 1 Cir.1993).
Applying the law and the jurisprudence to the particular facts of this case, we find no error and no abuse of discretion by the learned trial judge in proceeding with the trial and granting judgment in favor of the plaintiff Zarek, or in dismissing the reconventional demand, when defendants or their counsel failed to appear at the opening of trial on that matterespecially in view of the status conference held the day before when all counsel were told the continuance was denied and the trial would proceed as scheduled.
However, with regard to the trial on the third-party demand, we find under LSA-C.C.P. art. 1632, that while the court was within its discretion to begin the trial originally in the absence of the defendants, it is clear that once defendants or their counsel arrived, and all parties were still present, the trial court was obliged to allow counsel for these defendants to participate in the remainder of the trial.
LSA Const. Art. 1, Sec. 22 guarantees due process to litigants:
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
As we observed hereinabove, while it was within the discretion of the trial court to proceed with the trial in the absence of the defendants; but once defendants, or their counsel, appeared in court in the midst of trial, refusal to permit them to participate and present a defense constituted a denial of due process and of access to the courts, which requires reversal of the judgement in favor of the third party plaintiff.
While we appreciate the position of the trial court, and the necessity to maintain an orderly docket, it is clear that fairness, justice and the right to due process must prevail under these facts over the trial court's docket.
For the foregoing reasons, the judgment on appeal in favor of Thomas S. Zarek is affirmed; the judgment in favor of J.B. Miller, and against defendants, Victoria Sanders and Edward Tucker, is annulled and set aside, and the matter is remanded to the district court for further proceedings.
AFFIRMED IN PART; ANNULLED AND SET ASIDE; AND REMANDED.