991 So.2d 81 (2008)
Heidi Beaven LAVESPERE
v.
Robbie Dean LAVESPERE.
No. 2007 CA 2171.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*82 Harry W. Ezim, Jr., Baton Rouge, LA, for Plaintiff/Appellee, Heidi Beaven Lavespere.
Robbie Dean Lavespere, Baton Rouge, LA, Defendant/Appellant, In Proper Person.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
This is an appeal from a judgment holding a divorced father in contempt for failure to pay past due child support. He contends he was not permitted to present rebuttal evidence or evidence on his motions in opposition. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
The parties in this case, Heidi Beaven Lavespere and Robbie Dean Lavespere, were married on October 5, 2001, and divorced by judgment signed July 20, 2005. One child was born of the marriage, Jacob Elijah "Eli" Lavespere, who was born on April 10, 2003.
Mr. Lavespere was ordered to pay $870 per month in child support to Mrs. Lavespere by judgment of the trial court signed on July 3, 2006, which was made effective as of October 15, 2005. On December 15, 2006, Mrs. Lavespere filed a rule and motion for contempt against Mr. Lavespere for failure to pay the court-ordered child support, for judgment in the amount of the past due child support, and for attorney fees. On December 20, 2006, Mr. Lavespere filed a motion to reduce the amount of child support, stating that his income had been greatly reduced. On January 23, 2007, Mr. Lavespere also filed a rule for contempt against Mrs. Lavespere, which was amended on May 9, 2007, and which alleged that he had been denied visitation with his son by Mrs. Lavespere, and that he was arrested for stalking Mrs. Lavespere despite a prior order of the court *83 prohibiting Mrs. Lavespere from pursuing these charges.
A hearing on the motions, rules, and related exceptions and oppositions was held on July 25 and July 26, 2007. On the second day of the trial, when the trial judge called a recess for lunch, he ordered the parties to return to court at 1:00 p.m. At 1:00 p.m., court was reconvened, but Mr. Lavespere was not in the courtroom, and the bailiffs search of the hallways produced no response from him. Whereupon, counsel for Mrs. Lavespere moved that Mr. Lavespere's motion and rule be dismissed, which the court granted. Testimony on Mrs. Lavespere's main demand was concluded, counsel for Mrs. Lavespere gave a closing statement, and the trial judge orally issued his ruling on the main demand.
Shortly thereafter, Mr. Lavespere re-appeared and the following colloquy occurred between the court, counsel, and Mr. Lavespere:

THE COURT: ... MR. LAVESPERE, WHERE WERE YOU?

MR. LAVESPERE: YOUR HONOR, HARRY EZIM SAID HE WASN'T GOING TO BE BACK TO [SIC] 1:30, HE HAD SOMETHING ELSE TO TAKE CARE OF. HE SAID IT RIGHT OUT THERE IN FRONT OF MY DAD AND EVERYBODY.

MR. EZIM: I NEVER TALKED TO THIS MAN. THIS MAN IS INSANE.

MR. LAVESPERE: HE SAID IT RIGHT THERE IN THE ELEVATOR WHEN HE WAS WITH HIM YOUR HONOR. HE SAID THAT HE HAD SOMETHING ELSE TO DO; HE WOULDN'T BE BACK UNTIL 1:30

THE COURT: MR. LAVESPERE

MR. EZIM: JESUS.

THE COURT: JUST A MINUTE, STOP. MR. LAVESPERE, WHAT DID I SAY BEFORE I LEFT COURT? DID I SAY THIS COURT IS ADJOURNED FOR 1 HOUR UNTIL 1:00?

MR. LAVESPERE: I THOUGHT YOU SAID 1:30, YOUR HONOR AND

THE COURT: NO, NO, NO, NO, YOU THOUGHT I SAID 1:30?

MR. LAVESPERE: THAT'S WHAT I REMEMBER YOUR HONOR. THAT'S WHAT I REMEMBER, I SWEAR TO GOD, THAT'S WHAT I REMEMBER YOUR HONOR.

THE COURT: MR. LAVESPERE, THIS IS A COURT OF LAW, NOT A BAR. I TOOK A ONE HOUR RECESS. I SAID WE WILL BE BACK AT 1:00 [P.M.]

MR. LAVESPERE: I MISUNDERSTOOD YOUR HONOR. I DID, PLEASE FORGIVE ME YOUR HONOR.

THE COURT: WELL, THIS CASE IS OVER.
A written judgment was signed by the trial court on August 6, 2007, which dismissed Mr. Lavespere's motion for reduction in child support and his rule for contempt. The judgment also held Mr. Lavespere in contempt for failure to pay past due child support in the amount of $12,666.08, ordered him to pay his past due child support within ninety days to purge himself of contempt, and assessed him with costs and attorney fees. Mr. Lavespere appeals this judgment, and on appeal, contends the trial court erred in: (1) granting a motion to dismiss his motion for reduction of child support and rule for contempt for denial of visitation; and (2) denying him "an opportunity to defend himself" and to respond to Mrs. Lavespere's motion for contempt and for past due child support, all because he was ten minutes late for court.

*84 LAW AND ANALYSIS
On appeal, Mr. Lavespere admits that he should not have returned ten minutes late from the lunch recess during the trial of this matter, but he asserts that "other sanctions [were] available to the [c]ourt rather than dismissal of his motions and not allowing him to present his defense."[1]
After a thorough review of the law and jurisprudence applicable to this issue, we are unable to say the trial court erred in the dismissal of Mr. Lavespere's motions or in ruling on the matters before it without rebuttal evidence from Mr. Lavespere.
Louisiana Code of Civil Procedure Article 191 provides: "A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." Louisiana Code of Civil Procedure Article 1631(A) provides: "The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done."
The trial judge has great discretion in the manner in which proceedings are conducted before his court, and it is only upon a showing of a gross abuse of discretion that appellate courts will intervene. Pino v. Gauthier, 633 So.2d 638, 648 (La.App. 1 Cir.1993), writs denied, 94-0243, 94-0260 (La.3/18/94), 634 So.2d 858, 859; In re State in Interest of Brecheen, 264 So.2d 779, 782 (La.App. 1 Cir.), writ refused, 262 La. 1175, 266 So.2d 450 (1972). Our jurisprudence explains that LSA-C.C.P. art. 1632[2] gives the trial judge the authority to deviate from the normal order of proceedings, when justice so requires. This authority includes the power of the judge to keep open or reopen the proceedings for the reception of additional testimony or documentary evidence. The reopening of a case is within the discretion of the trial court and will not be interfered with by the reviewing court absent manifest error. Hall v. Hall, 588 So.2d 172, 174 (La.App. 5 Cir.1991), writ denied, 590 So.2d 596 (La.1992). See also Spears v. Biles, 121 So.2d 522, 524-25 (La.App. 2 Cir.1960) (refusal of trial court to reopen case for taking of additional evidence after pronouncement of court's ruling affirmed).
A trial court is endowed with the inherent power to order a litigant to perform some action, procedural in nature, *85 and upon noncompliance can dismiss the suit without prejudice. Yeutter v. Lewis, 334 So.2d 728, 730 (La.App. 3 Cir.1976). Dismissal of a party's demand(s) is within a trial court's discretion when the party fails to appear for court. See Brumfield v. Dawson, 340 So.2d 1031, 1032 (La.App. 1 Cir.1976). See also Prejean v. Ortego, 262 So.2d 402, 404 (La.App. 3 Cir.1972).
The case of Pellerin v. Pellerin involved a procedural scenario similar to that presented herein, in that Mr. Pellerin was representing himself at a hearing on child support-related issues and failed to appear at the time appointed by the trial judge. Mr. Pellerin contended that he thought the hearing had been scheduled to begin at 2:30, when in fact the hearing had been scheduled for 2:00. The hearing went forward in Mr. Pellerin's absence, testimony was completed, and the trial court ruled in favor of Mrs. Pellerin; the court refused to reopen the matter upon Mr. Pellerin's arrival. Pellerin v. Pellerin, 97-2085, pp. 3-4 (La.App. 4 Cir. 6/17/98), 715 So.2d 617, 619-20, writ denied, 98-1940 (La.10/30/98), 727 So.2d 1167. In affirming the trial court's procedural ruling, the appellate court stated, "Mr. Pellerin was responsible to be present in court on the date and at the time set by the court. His erroneous assumption that the hearing would be at a different time because other hearings in the case had been at that time does not negate that responsibility." Pellerin v. Pellerin, 97-2085 at p. 5, 715 So.2d at 620.
In this appeal, Mr. Lavespere cites the case of Zarek v. Sanders, 94-188 (La.App. 5 Cir. 10/12/94), 656 So.2d 1038, to this court; however, we do not find it supportive of his position. In Zarek v. Sanders, the defendant/appellants had filed a reconventional demand in response to the suit against them, and they had also been made defendants in a third party demand brought by a co-defendant. On the date and time scheduled for trial, the trial commenced even though neither the defendant/appellants nor their trial counsel were present. Prior to their arrival, the trial judge had ruled in the plaintiffs favor on the main demand and had dismissed the defendant/appellants' reconventional demand. Although the trial was still in progress on the third party demand, the trial judge did not allow counsel for the defendant/appellants to participate in the proceedings. Zarek v. Sanders, 94-188 at pp. 1-4, 656 So.2d at 1038-39.
The Zarek court reasoned that trial courts are under a duty to schedule their trial work and dispose of same expeditiously to alleviate the continuous problem of crowded dockets, and concluded that a party may forfeit his day in court when his failure to timely appear in court results from inexcusable neglect. Zarek v. Sanders, 94-188 at pp. 6-7, 656 So.2d at 1040-41. The Fifth Circuit found no error and no abuse of discretion by the trial judge in proceeding with the trial and granting judgment in favor of the plaintiff, or in the dismissal of the reconventional demand, when defendants or their counsel failed to appear at the opening of trial on that matter (especially in view of the status conference held the day before when all counsel were told the continuance was denied and the trial would proceed as scheduled). Id.
The fact that the Zarek court ruled differently with regard to the trial on the third party demand does not buttress Mr. Lavespere's arguments on appeal. While the Fifth Circuit ruled that even though the trial court was within its discretion to begin the trial in the absence of the defendants, it was clear that once defendants or their counsel arrived, and all parties were still present, the trial court was obliged to allow counsel for these defendants to participate in the remainder of the trial. Id. *86 As in Pellerin v. Pellerin, we conclude that "[u]nlike the defendants in Zarek, who were denied the right to participate in proceedings that were ongoing when they arrived, [the appellant] did not appear until after the proceedings were completed and the judge had ruled. Thus, the court was under no obligation to reopen the proceedings. Under these circumstances we do not find that his refusal to do so constituted an abuse of discretion." Pellerin v. Pellerin, 97-2085 at p. 5, 715 So.2d at 620 (emphasis omitted).
Furthermore, when the trial judge rules that the testimony of a witness is inadmissible, an offer of proof, or proffer, should be made. It is incumbent upon the party who contends that his evidence was improperly excluded to make a proffer. Without a proffer, appellate courts have no way of ascertaining the nature of the excluded testimony. In the absence of a proffer, that party cannot complain that the exclusion of the testimony was error. Engineered Mechanical Services, Inc. v. Langlois, 464 So.2d 329, 340 (La.App. 1 Cir.1984), writ denied, 467 So.2d 531 (La. 1985); Joseph v. Mid-American Indemnity Co., 532 So.2d 347, 348 (La.App. 3 Cir. 1988). See also LSA-C.E. art. 103; LSA-C.C.P. art. 1636; Williams v. Williams, 2006-2491, p. 10 (La.App. 1 Cir. 9/14/07), 970 So.2d 633, 640.
Mr. Lavespere made no effort to proffer the evidence he claims was excluded by the trial, no motion for new trial was filed, and there is no indication either in the record or brief submitted to this court on appeal as to the nature or substance of this evidence. Accordingly, we find no merit in Mr. Lavespere's assignments of error.

CONCLUSION
For the reasons assigned herein, we affirm the judgment of the trial court. All costs of this appeal are to be borne by Robbie Dean Lavespere.
AFFIRMED.
NOTES
[1] We note that despite his contention that he was only ten minutes late, the record reflects that at ten minutes past the hour designated for the trial in this matter to resume, the trial judge noted that Mr. Lavespere was not present in the courtroom. Further, the testimony of a witness, the closing argument of counsel, and the recitation of oral reasons by the trial judge, all occurred prior to Mr. Lavespere's appearance. The record does not reflect the exact time of Mr. Lavespere's arrival in court, but it is certainly indicative of the fact that the interval between the time assigned for the resumption of trial and his arrival exceeded ten minutes.
[2] Article 1632 provides:

The normal order of trial shall be as follows:
(1) The opening statements by the plaintiff and the defendant, in that order;
(2) The presentation of the evidence of the plaintiff and of the defendant, in that order;
(3) The presentation of the evidence of the plaintiff in rebuttal; and
(4) The argument of the plaintiff, of the defendant, and of the plaintiff in rebuttal, in that order.
This order may be varied by the court when circumstances so justify.
When an action involves parties in addition to the plaintiff and the defendant, the court shall determine the order of trial as to them and the plaintiff and the defendant.