HEIDI BEAVEN LAVESPERE
v.
ROBBIE DEAN LAVESPERE
No. 2008 CA 0903.
Court of Appeal of Louisiana, First Circuit.
November 14, 2008.
HEIDI BEAVEN LAVESPERE, Plaintiff/Appellee, In Proper Person.
ROBBIE DEAN LAVESPERE, Defendant/Appellant, In Proper Person.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.

NOT DESIGNATED FOR PUBLICATION
HUGHES, J.
This is an appeal from a judgment dismissing a motion to reduce an award of child support and imposing sanctions for filing the motion. For the reasons that follow, we vacate the trial court judgment and remand for additional proceedings.

FACTS AND PROCEDURAL HISTORY
The parties in this case, Heidi Beaven Lavespere and Robbie Dean Lavespere, were married on October 5, 2001, and divorced by judgment signed July 20, 2005. One child was born of the marriage, Jacob Elijah "Eli" Lavespere, who was born on April 10, 2003.
Mr. Lavespere was ordered to pay $870.00 per month in child support to Ms. Lavespere by judgment of the trial court signed on July 3, 2006, which was made effective as of October 15, 2005. In December of 2006, Ms. Lavespere filed a rule and motion for contempt against Mr. Lavespere for failure to pay the court-ordered child support, for judgment in the amount of the past due child support, and for attorney fees. Mr. Lavespere then filed a motion to reduce the amount of child support, stating that his income had been greatly reduced, and in January of 2007, Mr. Lavespere also filed a rule for contempt against Ms. Lavespere, which was amended on March 9, 2007, alleging that Ms. Lavespere had denied him visitation and violated another prior order of the court. At the July 2007 hearing on these motions, Mr. Lavespere failed to timely appear in court following a lunch recess and the hearing was concluded before his return; his motions were dismissed by the court.[1] Mr. Lavespere then filed an appeal to this court contesting the dismissal; the judgment was affirmed on appeal in Lavespere v. Lavespere, 2007-2171 (La. App. 1 Cir. 5/2/08), 991 So.2d 81.
While the matter was on appeal, Mr. Lavespere filed another motion for reduction of child support in the trial court on September 25, 2007 (amended on December 7, 2007). In response, Ms. Lavespere filed a motion for sanctions under LSA-C.C.P. art. 863, asserting that since Mr. Lavespere had previously filed a motion for reduction of child support (in December 2006), which had been dismissed and at that time was on appeal, the new motion was improper and brought for the purpose of harassment, delay, and the needless increase of the cost of litigation. Additionally, Ms. Lavespere filed exceptions of lis pendens (citing the appeal on the previous motion for reduction), ambiguity, and vagueness.[2]
These matters were heard on December 18, 2007, at which time the trial court dismissed the motion for reduction, ruling in open court that: "these matters have already been hear[d], judgment rendered and it is on appeal. So you can't re-file the same thing, those are dismissed. The amended petition filed on the 7th day of December, purporting to amend something filed on the 25th of September, is also dismissed, with costs to be borne by Mr. Lavespere, including $800.00 in attorney fees." In accordance with this ruling, the trial court signed a judgment on December 31, 2007, sustaining Ms. Lavespere's exception of lis pendens, and dismissing Mr. Lavespere's September 2007 motion and December 2007 amended motion for reduction of child support. The judgment ordered Mr. Lavespere to pay all costs and $800.00 in attorney fees.
Mr. Lavespere has appealed this judgment, asserting the trial court erred in granting the exception of lis pendens and sanctioning him for filing the motions for reduction of child support.

LAW AND ANALYSIS
The issue before this court on appeal is whether the trial court's August 6, 2007 dismissal of Mr. Lavespere's December 2006 motion for reduction of child support and the subsequent appeal of that motion barred Mr. Lavespere from filing another motion on the same basis.
Pertinent to this inquiry is LSA-C.C.P. art. 1672, which provides in pertinent part:
A. (1) A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice. [Emphasis added.]
Further, LSA-C.C.P. art 1673 provides, in part, that "[a] judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."
In this case, the record reflects that the August 6, 2007 trial court judgment failed to specify whether it was rendered with or without prejudice. When a judgment is silent as to whether it is being dismissed with or without prejudice, the dismissal must be without prejudice. State ex rel. Department of Social Services v. A.P., 2002-2372, p. 7 n.10 (La. App. 1 Cir. 6/20/03), 858 So.2d 498, 503 n.10.
Thus, the trial court's August 6, 2007 dismissal is considered to have been without prejudice, and Mr. Lavespere was not precluded from filing the motion anew.[3] Accordingly, the trial court erred in sustaining the exception of lis pendens, dismissing Mr. Lavespere's 2007 motion for reduction of child support, and in ordering Mr. Lavespere to pay costs and attorney fees.

CONCLUSION
For the reasons assigned herein, we vacate the judgment of the trial court sustaining the exception of lis pendens, dismissing Mr. Lavespere's motion for reduction of child support, and assessing to him costs and attorney fees; we remand the matter for further proceedings consistent with the foregoing. All costs of this appeal are to be borne by Heidi Beaven Lavespere.
VACATED AND REMANDED.
NOTES
[1] This ruling was made during a hearing before the family court held July 25-26, 2007; judgment was signed by the court on August 6, 2007.
[2] Other pleadings were also presented to the trial court in conjunction with these motions and exceptions that had no bearing on the instant appeal and are therefore not discussed herein.
[3] Nor do we find the filing of the motion for reduction of child support at issue herein to have been barred by the application of LSA-C.C.P. art. 2088, which provides that a trial court is divested of jurisdiction "over all matters in the case reviewable under the appeal," since the prior appeal in this case dealt only with the procedural propriety of the dismissal of the earlier motion for reduction rather than the substantive issue of whether a reduction of child support was warranted.