MARC E. JOHNSON, Judge.
| gDefendant/Appellant, East Jefferson General Hospital (hereinafter referred to as “EJGH”), appeals a judgment awarding supplemental earnings benefits in favor of Plaintiff/Appellee, Dawn McMillion, from the Office of Worker’s Compensation, District “7” (hereinafter referred to as “the OWC”). For the following reasons, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
- On October 22, 2012, Ms. McMillion, a registered nurse employed by EJGH, injured her elbow against a doorframe while exiting one of the hospital’s medication rooms. The accident was reported to EJGH that same day. The parties do not dispute that the injury occurred, and that it was sustained while Ms. McMillion was working in the course and scope of her employment. EJGH began paying Ms. McMillion temporary total disability payments on November 5,2012.
| Jn the course of her treatment, Ms. McMillion received medical services from multiple providers, include Dr. Eric George, who performed two surgeries to her arm to repair ulnar nerve damage. On March 12, 2014, Dr. George declared that Ms. McMillion had reached maximum medical improvement. Following receipt of Dr. George’s letter of maximum medical improvement, EJGH terminated Ms. McMillion’s temporary total disability payments and began paying her only supplemental earnings benefits.
Subsequently, EJGH assigned a vocational rehabilitation counselor, Danielle Rhodes of Bailey-McCaffrey, LLC (hereinafter referred to as “Bailey-McCaffrey”), to Ms. McMillion’s case. Ms. Rhodes met with Ms. McMillion several times between April and September of 2014. In the course of those meetings, Ms. Rhodes collected information regarding Ms. McMil-lion’s educational background and work experience. Ms. Rhodes also worked with Dr. George to identify jobs suitable for Ms. McMillion. On September 4, 2014, EJGH terminated all of Ms. McMillion’s remaining benefits, even though Ms. McMillion had not secured employment, based upon the presumption it had offered Ms. McMil-lion meaningful vocational rehabilitation.
On October 1, 2014,. Ms. McMillion filed a Disputed Claim for Compensation against EJGH, alleging wrongful termination of supplemental earnings benefits. The basis of Ms. McMillion’s claim was that EJGH failed in its duty to provide vocational rehabilitation to her, as required by La. R.S. 23:1221, because the jobs identified by Ms. Rhodes were not available at the time Ms. McMillion received notification of the jobs, the. jobs failed, to meet the minimum 90% pre-injury .wage requirements, or both.
As part of the discovery process, Ms. McMillion propounded interrogatories and requests for production of documents seeking, among other things, the | ¿documents EJGH intended to use as exhibits at trial. On February 25, 2015, EJGH answered the discovery interrogatories and requests. In those answers, EJGH identified Ms. Rhodes- as an expert witness in the area of vocational rehabilitation and stated its intent'to introduce “all medical reports of *450 the claimant ... the claimant’s medical file, and reports of Bailey McCaffrey.” In response to the request for the production of all of the documents which EJGH intended to introduce as evidence, EJGH provided a redacted claims and personnel file and noted that it was not in possession of all óf the exhibits at that time. EJGH reserved thé right to supplement its exhibit list and forward all of the information upon receipt.
. In a letter dated March 24, 2015, Ms. McMillion’s attorney notified EJGH of the receipt of unidentified documents and further requested the production of all the previously requested documents and a claims file without redactions. On April 9, 2015, EJGH supplemented its initial discovery responses with additional documentation.[1] By the end of April 2015, both parties submitted pre-trial statements, which detailed proposed stipulations, issues to be litigated, contentions, witnesses, and exhibits. Both parties identified representatives from Bailey-McCaffrey, specifically Ms. Rhodes, .as witnesses. In her statement, Ms. McMillion did not list any outstanding discovery or depositions to be taken prior to trial.
The trial on the matter was held on May 4, 2014. At the trial, Ms. McMillion’s'at-torney made an oral Motion to Strike Evidence and Witnesses, seeking the exclusion of Ms. Rhodes’s testimony and any documentation provided by Bailey-McCaf-frey. The oral motion was granted.. The OWC excluded any written documentation from Bailey-McCaffrey, and Ms. Rhodes was only allowed |Kto testify as a fact witness. At the conclusion of the trial, the matter was taken under advisement, and post-trial memoranda were allowed.
On July 30, 2015, the OWC rendered its judgment. Utilizing the test set forth by the Louisiana Supreme Court in Banks v. Indus. Roofing & Sheet Metal Works, 96-2840 (La.7/1/97); 696 So.2d' 551, 557, the OWC determined that Ms. McMillion met her burden of showing she was unable to earn 90% or more of her average pre-injury wages. It also determined that EJGH met its burden of showing the existence of jobs within Ms. McMillion’s physical capabilities and geographical region. However, the OWC found that EJGH failed to 'show the amount of wages Ms. McMillion could be expected to earn at any of-the jobs, or that an actual position was available for a particular job at the time Ms. McMillion received the' notification. Because EJGH failed to meet its eviden-tiary burden, the OWC awarded Ms. McMillion supplemental earnings benefits for a period of 26 weeks at $605 per week.[2] On August 10, 2015, Ms. McMillion filed a Motion for New Trial, seeking the award of penalties and attorney’s fees. The motion was denied on the same date. The instant appeal of EJGH followed.
ASSIGNMENT OF ERROR
On. appeals EJGH alleges the.trial court erred in excluding the expert testimony of Ms. Rhodes and her vocational rehabilitation reports at trial.
LAW'AND ANALYSIS
EJGH alleges the trial court erred when it did not., allow Danielle Rhodes, a vocational rehabilitation counselor, to testify as an expert in the field of vocational *451 rehabilitation. EJGH argues that Ms. Rhodes should have been allowed, to qualify as an expert in the field of vocational rehabilitation, and her report should have been allowed into evidence. EJGH contends that Ms. McMillion failed to follow 16the proper procedure in seeking relief regarding discovery, in that she never filed a motion to compel any missing discovery. Additionally, EJGH contends that Ms. Rhodes’s testimony was not a surprise to Ms. McMillion because Ms. Rhodes was listed as a witness on'the pre-trial order. EJGH further argues that Ms. Rhodes testified that she provided Ms. McMillion with numerous job leads that were approved by Dr. Eric George, and that Ms. McMillion applied for some of these positions, which means that Ms. McMillion did receive the documentation.
Ms. McMillion asserts that the OWC properly excluded Ms. Rhodes as an expert and any documentation related to that testimony. She contends that EJGH never produced any report or other documentation prior to trial that would have indicated its intent to offer the expert testimony of a vocational rehabilitation counselor. As a result, Ms. McMillion contends that the OWC was correct in ruling in her favor on the basis that EJGH failed to prove the availability of positions that would pay her, at least, 90% of her pre-injury average weekly wage through competent evidence.
At trial, Ms. McMillion made an oral Motion to Strike Evidence and Witnesses in an effort to exclude the testimony and documentation EJGH intended to present to the court from Ms. Rhodes. The OWC initially heard the motion off of the record. However, Ms. McMillion and EJGH subsequently reargued the motion on the record. Ms. McMillion argued that any documentation produced by Bailey-McCaffrey, Ms. Rhodes’s employer, should have been excluded from the record because EJGH did not produce any documentation, reports or curriculum vitae of any witness from Bailey-McCaffrey during discovery. Ms. McMillion, likewise, argued that Ms. Rhodes’s live testimony should have been excluded. Conversely, EJGH argued that Ms. McMillion declared in her pre-trial statement there was no outstanding discovery or depositions to be taken, and she could not 17contend she wanted that information on the morning of trial. EJGH then urged the OWC to allow Ms. Rhpdes testify as a fact witness.
On the record, the OWC judge did not explicitly make a ruling on the admissibility of the documentation;, however, it is presumed that the documentation associated with Ms. Rhodes’s expert testimony was stricken during the off-the record hearing. However, the OWC judge did state on the record that Ms. Rhodes would not be allowed to testify as an expert on the basis that Ms. McMillion did not receive the expert report. The record does not reflect that EJGH attempted to proffer the excluded expert testimony of Ms. Rhodes or the documentation that would have been associated with it.
In order for this Court to review evidence deemed inadmissible by the trial court, the party must comply with La. C.C.P. art. 1636 to preserve the evidence. Tatum v. United Parcel Service, Inc., 10-1053 (La.App. 5 Cir. 11/15/11); 79 So.3d 1094, 1104.' It is well-settled that error may not be predicated upon a ruling that excludes evidence, unless a substantial right of a party is affected and the substance of the evidence- was made known to the court by counsel.' Id. at 1105.' In those instances, it is incumbent upon the party who-contends the evidence was improperly excluded to make a proffer; and if the party fails to.do so, then that party cannot contend such exclusion was errone *452 ous. Id. Without a proffer, an appellate court cannot ascertain the nature of the excluded evidence. Abadie v. Metro. Life Ins. Co., 00-344 (La.App. 5 Cir. 3/28/01); 784 So.2d 46, 86, writ denied, 01-1735 (La.12/14/01); 804 So.2d 644, citing McLean v. Hunter, 495 So.2d 1298, 1305 (La.1986).
In Abadie, supra, this Court addressed a similar situation where the trial court excluded evidence because the defendant, ACL, failed to respond to the plaintiffs’ discovery requests. At the trial on the merits, ACL failed to proffer the | ^excluded evidence into the record. On appeal, ACL argued that the trial court erred by imposing a discovery sanction through the exclusion of its evidence. Although this Court found that the sanction was excessive, we also found that ACL had an adequate remedy on appeal to have the exclusion of the evidence reviewed. Because ACL chose not to introduce the excluded evidence at the trial in the form of a proffer for appellate review, this Court declined to reverse the outcome of the trial because of the excluded evidence.
Other circuits have held similar rulings when considering the exclusion of evidence in the absence of a proffer. In Lavespere v. Lavespere, 07-2171 (La.App. 1 Cir. 5/2/08); 991 So.2d 81, the defendant argued that the trial court erred in refusing to allow him to present evidence because he was late in returning to court following a lunch recess. On appeal, the Louisiana First Circuit noted the defendant made no effort to proffer the excluded evidence. The court found that when a trial judge rules that the testimony of a witness is inadmissible, an offer of proof or proffer should be made, and held that in the absence of a proffer, a party cannot complain that an exclusion was an error. Id. at 86.
In Briscoe v. Briscoe, 25,955 (La.App. 2 Cir. 8/17/94); 641 So.2d 999, the plaintiff argued that the trial court erroneously excluded witnesses whose identities were not disclosed to opposing counsel prior to trial. On appeal, the Louisiana Second Circuit held it could not address whether any alleged exclusion prejudiced the plaintiff and found that failure to proffer improperly excluded evidence results in a waiver of the right to complain of the exclusion on appeal. Id. at 1004.
In this matter, neither Ms. Rhodes’s expert testimony nor her vocational rehabilitation reports were proffered by EJGH at the trial. Consequently, we have no way of ascertaining exactly what evidence EJGH intended to introduce to the OWC through the expert testimony or documentation. Furthermore, we cannot | determine whether the excluded evidence would have satisfied EJGH’s burden to show the amount of wages Ms. McMillion could have been expected to earn at any of the jobs or that an actual position was available for a particular job at the time Ms. McMillion received the notification from Ms. Rhodes. Because EJGH failed to proffer either Ms. Rhodes’s expert testimony or the vocational rehabilitation reports, we decline to address the merits of EJGH’s assignment of error.
DECREE
For the foregoing reasons, we affirm the judgment of the OWC in favor of Dawn McMillion and against East Jefferson General Hospital. East Jefferson General Hospital is assessed the costs of this appeal.

AFFIRMED.

. According to Ms. McMillion, EJGH did not include any reports or documentation from Ms, Rhodes or Bailey-McCaffrey with -the supplementation. .,

. Because Ms. McMillion secured new employment on March 1, 2015, with wages 90% or greater than her pre-injury wages, .her claim was limited to 26 weeks of benefits at $605. .‘