STONE, J.
|! Appellant, Jan Surratt, doing business as ABC Rentals, appeals the trial court’s judgment in favor of Appellee, Wanda Green, awarding Green $18,500 in damages. For the following reasons, we affirm.
FACTS AND PROCEDURAL BACKGROUND
On August 1, 2014, Wanda Green (“Green”) entered into a contract with Jan Surratt, doing business as ABC Rentals (“Surratt”),[1] to lease a residential property at 1202 S. 5th Street in Monroe, Louisiana (“the property”). The lease required Green to pay monthly rent of $500. A week after Green executed the lease, she and her four children moved into the property. During the time she occupied the property, Green made numerous complaints regarding the property’s condition, including roach infestation, a leaking roof, clogged drains, and rotted floors.
On November 12, 2015, Green filed a petition against Surratt in Monroe City Court seeking $5,000 in damages. In the petition, Green asserted “[sjince beginning *1167 my lease with Mrs. Surratt we have not been able to live comfortably in what we are renting. Nothing has worked properly and the roof has leaked consistently for over a year causing damages and pain and suffering.” According to Green, Surratt only “patched things up,” and never fixed the underlying issues with the ‘property, and as a result, she and her children were forced to live in an uninhabitable property.
|aOn December 5, 2015, less than a month after Green filed her petition, Sur-ratt sent Green notice to vacate the property. Green and her children moved out of the property two days later.
On January 25, 2016, Surratt, represented by attorney Stephen A. North (“North”), filed an answer denying the allegations in Green’s petition. On May 31, 2016, North received notice by. certified mail that a trial on the matter was set for July 12,2016 (“notice of trial”).
On July 12, 2016, neither North nor Surratt was present for trial, and the trial court proceeded in their absence. After hearing the evidence presented by Green, the trial court rendered judgment in favor of Green. The trial court awarded Green $10,000 in general damages, and $8,500 in rental payments. On August 4, 2016, the trial court signed a final judgment in the matter and notice of judgment was served on North. ' , .
On August 11, 2016, North, on behalf of Surratt, filed a motion for new trial arguing the judgment is contrary to the law and evidence. In the motion, North asserted Surratt was not at fault for their failure to appear for trial. North acknowledged he received notice of trial, but claimed, through “error and inadvertence,” the trial date was not calendared. After a hearing, the trial court denied the motion. Surratt now appeals.
DISCUSSION
Denial of Motion for New Trial
Since her attorney failed to appear for trial or notify her of the trial date, Surratt argues she was denied her right to present a defense. Surratt |acontends her absence -at trial was not her fault, and thus, the trial court abused its discretion in denying her motion for new trial.[2] La. C.C.P. art. 1972 provides:
A new trial shall b¿ granted, upon contradictory motion, of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
*1168 (3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
A motion for new trial may also be granted in any case if there is good ground therefor, except as otherwise provided by law. La. C.C.P. art. 1973. When the trial court is convinced by an examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered pursuant to La. C.C.P. art. 1973. Pitts v. Louisiana Med. Mut. Ins. Co., 2016-1232 (La. 03/15/17), 218 So.3d 58, 2017 WL 1041228.
When reviewing the denial of a motion for new trial, unless an abuse of discretion can be exhibited, the trial court’s decision will not be reversed. Williams v. Super Trucks, Inc., 36,993 (La. App. 2 Cir. 04/09/03), 842 So.2d 1210, 1220, writ denied, 2003-1303 (La. 09/05/03), 852 So.2d 1042.
La. C.C.P. art. 1672 mandates the dismissal of an action “when the plaintiff fails to appear on the day set for trial.” That article also grants the trial court discretion to dismiss an action “when all the parties thereto fail to appear on the day set for trial[.]”
The Louisiana Code of Civil Procedure does not specifically provide for situations in which a defendant in a civil matter fails to appear for trial. However, appellate courts have upheld judgments against defendants who failed to appear for trial. In Northshore Ins. Agency, Inc. v. Farris, 634 So.2d 867, 872 (La. App. 1 Cir. 1993), the defendants’ counsel received notice of the trial date. However, days later, counsel filed a motion to withdraw, which was signed by the trial court. The defendants did not appear for trial, and the trial court allowed the plaintiff to present its case. Thereafter, a judgment was signed in favor of the plaintiff. The defendants, through newly retained counsel, filed a motion for new trial, arguing that their failure to appear for trial was a result of “a misunderstanding.” The trial court denied the motion and the first circuit affirmed, finding all parties were served with valid notice of the trial date. See also Joseph v. Hendrix, 536 So.2d 448, 450 (La. App. 1 Cir. 1988) (“The only excuse offered by defendant for his failure to appear for trial was that he had written the wrong date on his calendar.”); and Mayo v. Simon, 94-590 (La. App. 3 Cir. 11/02/94), 646 So.2d 973, 976 (The attorney for the defendants “blamed his absence on his secretary because she did not call the court to advise of a scheduling conflict.”).
| (After a review of the record, we find the evidence presented at trial was sufficient to prove by a preponderance of the evidence that Surratt failed to make the necessary repairs to maintain the property in a condition suitable for the purpose for which it was leased. La. C.C. art. 2691. While it is unfortunate that neither Surratt nor her counsel was present for trial, North’s failure to calendar the trial date does not merit the granting of a new trial. Northshore, supra; Joseph, supra; Mayo, supra. Accordingly, the trial court did not abuse its discretion in denying Surratt’s motion for new trial.
Damage Awards
Since Surratt failed to make the necessary repairs to maintain the property in a suitable condition for the purpose for which the property was leased, she is liable for damages caused by her failure. La. C.C. arts. 1994, 2691, and 2696. The trial court awarded Green $10,000 in general damages and $8,500 in rental payments. Surratt argues the trial court erred in awarding Green general damages in excess of the $5,000 she claimed, and, additionally, the return of all her rental payments.
First, we address whether the trial court’s general damage award was in error. General damages involve mental or *1169 physical pain and suffering, inconvenience, and loss of intellectual or physical enjoyment. Harper v. State Farm Mut. Auto. Ins. Co., 50,728 (La. App. 2 Cir. 06/22/16), 198 So.3d 168, 176. A lessee is entitled to damages for an uninhabitable premises, and these damages may include mental anguish. Graci v. Gasper John Palazzo, Jr., L.L.C., 12-853 (La. App. 5 Cir. 05/30/13), 119 So.3d 741, 750, writ denied, 2013-1547 (La. 10/04/13), 122 So.3d 1024; Gennings v. Newton, 567 So.2d 637, 642 (La. App. 4 Cir. 1990). A trial court’s award of general damages should not be overturned by a reviewing court absent an |fiabuse of discretion. Kennedy v. Thomas, 34,530 (La. App. 2 Cir. 04/04/01), 784 So.2d 692, 699.
While Green’s petition only demanded $5,000 in damages, the trial court was allowed to grant Green any relief she was entitled, pursuant to La. C.C.P. art. 862.[3] At trial, Green testified that she suffered damages to her personal property due to the leaking roof, including damage to her living room furniture and baby beds. She stated she was constantly cleaning up the leaks and moving furniture to prevent further damage to the floors and her property. This aggravated Green’s prior back issues, and led to a third back surgery in September 2015. According to Green, the rotted floors were so bad that her feet would go through the floor. Green testified, on one occasion, her two-year-old daughter was running throughout the property when she slipped and her foot went through the wall after sliding into to it. Based on the above facts, we find no issue with the trial court’s $10,000 general damage award.
As for the trial court’s award of $8,500 in rental payments, when a party to the lease fails to perform her obligations under the lease, the other party may obtain dissolution of the lease pursuant to the provisions of the Title of “Conventional Obligations or Contracts.” La. C.C. art. 2719.[4] Upon dissolution of a contract, the parties shall be restored to the situation that existed before the contract was made. La. C.C. art. 2018. Since Surratt failed to perform her obligations under the lease, Green had a right to judicial dissolution of the lease. Green presented evidence that the property was uninhabitable, and Surratt should not have been renting it. Therefore, the trial court was within its discretion in dissolving the lease, and awarding Green $8,500 in unentitled rent paid to Surratt.
CONCLUSION
For the foregoing reasons, the trial court’s judgment awarding Wanda Green $18,500 in damages is affirmed. Costs of this appeal are assessed to Jan Surratt, doing business as ABC Rentals.
AFFIRMED.

. In Green’s appellate brief, she stated the defendant’s correct name is “Jan Surratt” and not "Jane Surratt.”

. In general, a judgment denying a motion for new trial is an interlocutory order, and not a final appealable judgment. Hayes v. Hayes, 607 So.2d 3, 5 (La. App. 2 Cir. 1992). However, courts consider the appeal of a denial of a motion for new trial as an appeal of the judgment on the merits, when it is clear from the appellant’s brief that the intent was to appeal the merits of the case. Harter v. Harter, 50,942 (La. App. 2 Cir. 11/10/16), 208 So.3d 971, 979. Despite the language in Surratt’s appellate brief stating that she is appealing the trial court’s denial of her motion for new trial, we And this matter appropriate for decision. An examination of Surratt’s appellate brief indicates she is not only appealing the denial of her motion for new trial, but, additionally, the amount of damages the trial court awarded Green. Since Surratt has shown a clear intention to appeal the merits of the case, she is also entitled to seek review of the denial of her motion for new trial. See Barnett v. Barnett, 45,721 (La. App. 2 Cir, 12/22/10), 56 So.3d 1044, 1051 (As a general rule, an "appellant is entitled to seek review of all adverse interlocutoiy judgments prejudicial to him in addition to the review of the final judgment.”).

. La. C.C.P. art. 862 provides:
Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.

. La. C.C. art. 2013 provides in pertinent part: "When the obligor fails to perform, the obligee has a right to the judicial dissolution of the contract or, according to the circumstances, to regard the contract as dissolved. In either case, the obligee may recover damages."